**Reversed and Remanded, and Opinion Filed November 25, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01143-CV

**LAKEITH AMIR-SHARIF, Appellant**
**V.**
**QUICK TRIP CORPORATION AND CHESTER CADIEUX III, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-13818-E**

## OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

Lakeith Amir-Sharif, a pro se inmate, appeals the trial court's orders declaring him a vexatious litigant and dismissing his lawsuit against Quick Trip Corporation and Chester Cadieux III without prejudice. In six issues Amir-Sharif argues: (1) the trial court erred when it signed the order declaring him a vexatious litigant because he did not receive proper notice of the hearing and his appearance was due to a bench warrant, which resulted in an "ambush hearing"; (2) the trial court erred when it signed the order declaring him a vexatious litigant because the trial court had a ministerial duty to ensure that he was provided with the requisite advance notice of that hearing pursuant to section 11.053(a) of the Texas Civil Practice and Remedies Code; (3) the evidence is legally and factually insufficient to support the trial court's order declaring him a vexatious litigant; (4) the trial court erred when it failed to file the requested findings of fact and

conclusions of law; (5) the trial court erred when it failed to have a hearing on his motions to reconsider the trial court's orders declaring him a vexatious litigant and dismissing his lawsuit; (6) the trial court erred as a matter of law when it signed the orders declaring him a vexatious litigant and dismissing his lawsuit because it failed to apply the "liberal construction" standard to his pleadings.

We conclude the evidence is legally insufficient to support the order declaring Amir-Sharif a vexatious litigant. The trial court's orders are reversed and the case is remanded for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his original petition, Amir-Sharif filed a premises liability lawsuit against Quick Trip Corporation and Cadieux, alleging he slipped and fell at a Quik Trip store. *See also Amir-Sharif v. Quick Trip Corp.*, No. 05-09-01497-CV, 2011 WL 1367042, *1 (Tex. App.—Dallas Apr. 12, 2011, no pet.) (mem. op.). On November 5, 2009, Quick Trip filed (1) a motion under Texas Civil Practice and Remedies Code section 11.051 to declare Amir-Sharif a vexatious litigant, and (2) a request under section 11.055 for Amir-Sharif to furnish security. *Amir-Sharif*, 2011 WL 1367042, at *1. The same day, the trial court set the motion to declare Amir-Sharif a vexatious litigant and request for security for hearing on November 12, 2009. *Amir-Sharif*, 2011 WL 1367042, at *1. On November 5, 2009, Quick Trip served Amir-Sharif with the motion to declare Amir-Sharif a vexatious litigant, request for security, and notice of the November 12, 2009 hearing by regular mail. *Amir-Sharif*, 2011 WL 1367042, at *1. Amir-Sharif was not present at the November 12, 2009 hearing. *Amir-Sharif*, 2011 WL 1367042, at *2. After the hearing, the trial court signed an order granting Quick Trip's motion, declaring Amir-Sharif a vexatious litigant, and ordering Amir-Sharif to furnish security to the trial court to guarantee payment to Quick Trip for reasonable expenses incurred in connection with the lawsuit. *Amir-*

*Sharif*, 2011 WL 1367042, at *2. Amir-Sharif filed objections and a motion to vacate the order granting Quick Trip's motion, alleging he did not receive the requisite notice in advance of the hearing. *Amir-Sharif*, 2011 WL 1367042, at *2. Amir-Sharif failed to furnish the security by the deadline stated in the trial court's order and, without a hearing, the trial court dismissed without prejudice Amir-Sharif's claims. *Amir-Sharif*, 2011 WL 1367042, at *2. In addition, the trial court signed a prefiling order pursuant to section 11.101 of the Texas Civil Practice and Remedies Code, prohibiting Amir-Sharif from filing, pro se, a new litigation in this state. *Amir-Sharif*, 2011 WL 1367042, at *2. Amir-Sharif appealed. *Amir-Sharif*, 2011 WL 1367042, at *2. On appeal, this Court reversed the trial court's order because Amir-Sharif had inadequate time to respond to the motion and request in advance of the hearing, and remanded the case to the trial court for further proceedings. *Amir-Sharif*, 2011 WL 1367042, at *3.

On June 23, 2011, after the case was remanded to the trial court, Amir-Sharif filed his second amended civil complaint, adding a claim for negligence. On August 19, 2011, Quick Trip and Cadieux filed another motion seeking to declare Amir-Sharif a vexatious litigant and requesting security. The motion was served on Amir-Sharif by certified mail. On August 29, 2011, Amir-Sharif filed a response to the motion. On September 6, 2011, Amir-Sharif filed a motion for telephonic hearing or video conference on Quick Trip and Cadieux's motion. Then, on October 6, 2011, Amir-Sharif filed his objection to the hearing scheduled for that date and sought a continuance. In response, counsel for Quick Trip and Cadieux sent Amir-Sharif a letter by certified mail, stating that, in accordance with his request, the hearing was rescheduled for October 26, 2011. However, it appears from the record on appeal that the hearing did not go forward.

On February 2, 2012, the trial court signed an order that sua sponte determined the hearing on the motion to declare Amir-Sharif a vexatious litigant and request for security would

–3–

be heard on March 8, 2012, a bench warrant would issue so that Amir-Sharif could appear and be heard at the hearing, and all other pending motions would be stayed until the trial court heard and determined the motion to declare Amir-Sharif a vexatious litigant. A bench warrant issued and Amir-Sharif appeared at the hearing. After the hearing, the trial court granted Quick Trip and Cadieux's motion, declaring Amir-Sharif a vexatious litigant and requiring him to furnish security in the amount of $2,500 by April 20, 2012 or the case would be dismissed without prejudice. Also, pursuant to Texas Civil Practice and Remedies Code section 11.101, the trial court, on its own motion, rendered a prefiling order, prohibiting Amir-Sharif from filing, pro se, a new litigation in a court in this state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2012) ("A court may, on its own motion . . ., enter an order prohibiting a person from filing in propria persona, a new litigation in a court in this state"). On March 29, 2012, Amir-Sharif filed a motion for reconsideration of the trial court's order declaring him a vexatious litigant. Amir-Sharif failed to furnish the required security by April 20, 2012. As a result, on April 26, 2012, the trial court dismissed Amir-Sharif's claims against Quick Trip and Cadieux without prejudice.

On May 4, 2012, Amir-Sharif filed a motion for reconsideration of the order dismissing his lawsuit and a request for findings of fact and conclusions of law. The trial court did not rule on Amir-Sharif's motions for reconsideration or enter findings of fact and conclusions of law.

## II. EFFECT OF PRIOR ORDER DECLARING AMIR-SHARIF VEXATIOUS

On September 9, 2013, this Court sent the parties a letter noting it appeared that Amir-Sharif had already been found to be a vexatious litigant. *See Amir-Sharif v. Zeller*, No. 07-10-0244-CV, 2011 WL 691378, *1 (Tex. App.—Amarillo Feb. 28, 2011, pet. denied) (mem. op.) (stating Amir-Sharif contends trial court erred in finding him to be a vexatious litigant). However, it was not clear whether the 242nd District Court, Swisher County, Texas, had

–4–

rendered a prefiling order and Amir-Sharif was not listed on the Office of Court Administration's list of vexatious litigants posted on its website as a result of any order by the 242nd District Court. See TEX. CIV. PRAC. & REM. CODE ANN. § 11.104 (West Supp. 2012). Section 11.101(a) of the Texas Civil Practice and Remedies Code provides that after a person has been found to be a vexatious litigant, "a court may . . . enter an order prohibiting a person from filing, in propria persona, a new litigation in a court in this state." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a). As a result, this Court requested the parties to provide letter briefs addressing the issue of whether this appeal was moot as a result of any prior state court orders declaring Amir-Sharif to be a vexatious litigant together with sworn or certified copies of any relevant state court orders.

Quick Trip and Cadieaux filed a certified copy of the 242nd District Court's order. That order did not include a prefiling order pursuant to Texas Civil Practice and Remedies Code section 11.101(a). *See also In re Amir-Sharif*, No. 07-11-00294, 2011 WL 3568940, *1 n.2 (Tex. App.—Amarillo Aug. 15, 2011, orig. proceeding) (mem. op.). Accordingly, we conclude this appeal is not moot.

## II. SUFFICIENCY OF THE EVIDENCE

In issue three, Amir-Sharif argues the evidence is legally and factually insufficient to support the trial court's order declaring him a vexatious litigant. Amir-Sharif argues, in part, the following:

> The trial court abused its discretion and committed reversible error by failing to correctly apply the law at § 11.054 [Texas Civil Practice and Remedies Code], which contains a "two (2) prong" prerequisite [Quick Trip and Cadieux] must bear the burden of establishing before [Amir-Sharif] can be declared a vexatious litigant. . . .
>
> Under section 11.054, there are two (2) distinctive criterias [sic] that must first be met by [Quick Trip and Cadieux]. [Quick Trip and Cadieux] must prove: (1) [Amir-Sharif] has no realistic probability of prevailing on the claims presented in

–5–

his lawsuit; and (2) that the factual requisite delineated under one of the three subsections of § 11.054 applies to [Amir-Sharif].

. . . . [Amir-Sharif] has not only proffered his medical records, but also documentation of his communication with [Quick Trip and Cadieux's] accident claims department. [record citation omitted]. . . . If ever presented to a jury, [Amir-Sharif's] negligence and premises liability claims do have a reasonable probability for success, particularly in light of the supporting medical records proffered.

On appeal, Amir-Sharif does not challenge the sufficiency of the evidence showing that he has maintained in excess of five lawsuits that were determined to be frivolous, dismissed for want of prosecution, or decided adversely to him.[1] Quick Trip and Cadieux respond that with regard to Amir-Sharif's negligence claim alleging a premises defect, he has no evidence that there was an unreasonably dangerous condition or that Quick Trip and Cadieux had actual or constructive knowledge of the unreasonable dangerous condition.

## A. Standard of Review

An appellate court reviews a trial court's declaration that a litigant is vexatious for an abuse of discretion. *Amir-Sharif*, 2011 WL 1367042, at *2; *Harris v. Rose*, 204 S.W.3d 903, 906 (Tex. App.—Dallas 2006, no pet.). However, a trial court's findings under chapter 11 of the Texas Civil Practice and Remedies Code may be reviewed for legal and factual sufficiency because section 11.054 requires the trial court to make evidentiary findings. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied); *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied).

When examining a legal sufficiency challenge, an appellate court reviews the evidence in the light most favorable to the challenged finding and indulges every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The ultimate test for legal sufficiency is whether the evidence would enable a reasonable and fair-minded fact

---

[1] During the hearing on Quick Trip and Cadieux's motion to declare Amir-Sharif a vexatious litigant, Amir-Sharif stated, "I don't object to any of the argument about—and just to save the Court some time, I never objected to the one criteria with regards to the previous filings."

finder to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827. The fact finder is the sole judge of witness credibility and the weight to give to the testimony. *See City of Keller*, 168 S.W.3d at 819.

### B. Applicable Law

A court may find a plaintiff a vexatious litigant if the defendant shows: (1) there is not a reasonable probability the plaintiff will prevail in the litigation; and (2) there is other evidence regarding previous litigations by the defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054; *Willms*, 190 S.W.3d at 804. Other evidence involving previous litigation may include evidence that the plaintiff, in the seven year period immediately preceding the date the defendant makes the motion under section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been (A) finally determined adversely to the plaintiff; (B) permitted to remain pending at least two years without having been brought to trial or hearing; or (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A), (B), and (C).

The defendant seeking a vexatious litigant declaration bears the burden of establishing both parts of the test set out in section 11.054 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (court may find plaintiff vexatious "if the defendant shows" no reasonable probability of prevailing and one of the three litigation histories); *Drake v. Andrews*, 294 S.W.3d 370, 375 (Tex. App.—Dallas 2009, pet. denied). The plaintiff may offer evidence to show there is a reasonable probability he will prevail in the litigation, but it is not his burden to do so. *Drake*, 294 S.W.3d at 375–76. When the defendant offers evidence sufficient to satisfy the second part of the test relating to litigation history, but

fails to offer any evidence showing why the plaintiff could not prevail in the suit, the defendant has failed to meet his burden. *Drake*, 294 S.W.3d at 375–76.

### C. Application of the Law to the Facts

In his second amended civil complaint, Amir-Sharif sued Quick Trip and Cadieux "under the common law theories of negligence and personal injury, and premises liability." In their motion seeking to declare Amir-Sharif a vexatious litigant, Quick Trip and Cadieux argued that Amir-Sharif's cause of action was a negligence claim alleging a premises defect. They maintained in their motion, in part, that Amir-Sharif had "no evidence" that there was an unreasonably dangerous condition and that they had actual or constructive knowledge of the unreasonably dangerous condition.

At the outset of the hearing on Quick Trip and Cadieux's motion to declare Amir-Sharif a vexatious litigant, when the trial court invited counsel for Quick Trip and Cadieux to proceed with their offer of evidence, counsel stated, "there is not actually any evidence with regard to testimony." Then, Quick Trip and Cadieux offered evidence of Amir-Sharif's pro se litigation history, which Amir-Sharif did not contest. In response, Amir-Sharif argued, in part, that Quick Trip and Cadieux "have only shown that they had previous cases," "they haven't shown th[e] [trial court] anything that shows where [he] can't prove [his] claim," and "they haven't―the two criterias [sic] haven't been met here for th[e] [trial court]―for them to―for their motion to be granted." Amir-Sharif also cited this Court's opinion of *Drake v. Andrews*, 294 S.W.3d 370 (Tex. App.―Dallas 2009, pet. denied). Quick Trip and Cadieux replied:

> We have to show that [Amir-Sharif] has no reasonable probability to prevail in this claim. He has filed a premises liability claim. He has to prove that Quick Trip had actual constructive notice of this premises defect.
>
> He can't show that. There is not going to be any evidence of their actual knowledge of this substance on the ground because he is not going to be able to get that evidence. There won't be any such evidence. He has no reasonable probability of prevailing on this claim

Then, the trial court asked Amir-Sharif what evidence he had that the condition he claimed caused his injury existed for such a period of time that Quick Trip and Cadieux reasonably should have known of it or that they had actual knowledge of it. Amir-Sharif responded that

> There are other witnesses who were there who—who I intend to have come before this Court and testify that the water or liquid, whatever was on that floor, was there prior to my coming in there.
>
> Mr. Cory Vaughn, who I also named as a defendant in this case, when the incident happened, he came and apologized and said that he had gotten busy. And that's why I had initially named him as a defendant. You could just bring him into court. I have been desperately trying to get him served so we can bring him into court and let him explain what happened.
>
> Without the discovery which I have requested from them, we can't find out their—their—they had like inspection—inspection slips where they were cleaning up. I have asked—I have asked [Quick Trip and Cadieux's counsel] for those documents, and they are resisting that there.
>
> This is what—I didn't—and my understanding was that the suit, I'm alleging personal injury and premises liability. They knew or should have known that the—that that water or liquid was there if they—if they go and survey or look around the premises in a timely manner, and they didn't. They couldn't have. Had they done so, they would have cleaned it up. Someone would have seen it and cleaned it up.
>
> Mr. Vaughn's statement to me in front of other people that he apologized because he had gotten busy, that—that—that kind of infers that, you know, you got behind and maybe this here was there, and he could have found it before the incident took place. But he didn't, and I was injured as a result of that.

After this argument by Amir-Sharif, the trial court inquired whether there was anything further from either side and both parties responded that there was not.

In this case, Quick Trip and Cadieux offered evidence of Amir-Sharif's pro se litigation history, which appears sufficient to satisfy the second part of the test set out in section 11.054 of the Texas Civil Practice and Remedies Code. *See Drake*, 294 S.W.3d at 375–76. However, Quick Trip and Cadieux offered only argument, but no evidence showing why Amir-Sharif could not prevail in this litigation. *See Drake*, 294 S.W.3d at 375–76. Section 11.054 specifically

–9–

states that "A court may find a plaintiff a vexatious litigant *if the defendant shows* that there is no reasonable probability that the plaintiff will prevail in the litigation against the defendant" and one of the three litigation histories. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (emphasis added); *see Drake*, 294 S.W.3d at 375.

After reviewing the record on appeal, we conclude Quick Trip and Cadieux failed to carry their burden and the evidence is legally insufficient to support the trial court's order declaring Amir-Sharif a vexatious litigant. Issue three is decided in favor of Amir-Sharif.

## VIII. CONCLUSION

The evidence is legally insufficient to support the trial court's order declaring Amir-Sharif a vexatious litigant.

The trial court's orders are reversed and the case is remanded for further proceedings consistent with this opinion.

/Douglas S. Lang/
DOUGLAS S. LANG
121143F.P05                                      JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAKEITH AMIR-SHARIF, Appellant

No. 05-12-01143-CV      V.

QUICK TRIP CORPORATION AND
CHESTER CADIEUX III, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-13818-E.
Opinion delivered by Justice Lang. Justices
Moseley and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant LAKEITH AMIR-SHARIF recover his costs of this appeal from appellees QUICK TRIP CORPORATION AND CHESTER CADIEUX III.

Judgment entered this 25th day of November, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE