**DENY; and Opinion Filed March 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01514-CV

### IN RE LAKEITH AMIR-SHARIF, Relator

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-13818-E**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Stoddart
Opinion by Justice Stoddart

Relator filed this petition requesting that the Court order the trial court to rule on thirteen

pending motions. We deny the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a slip and fall case filed on October 2, 2009. Over the course of the time this case

has been pending in the trial court, relator has filed roughly forty motions, many of them

duplicative, and has repeatedly demanded that the trial court set "all" his motions for hearing.

The case has been appealed to this Court twice since its filing.[1]

The first appeal of the case followed an order dismissing the case due to relator's failure

to comply with the requirements of the trial court's order declaring relator to be a vexatious

---

[1] As a result of the appeals, during roughly three years of the time since the case was filed, the trial court could not act on any of relator's motions. *See Saudi v. Brieven*, 176 S.W.3d 108, 114 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("Generally speaking, and with certain exceptions inapplicable here, once an appeal has been perfected and the trial court's plenary power to perform certain acts after appeal has expired, the appellate court acquires exclusive plenary jurisdiction over the cause.")

litigant. The trial court's order dismissing the case was signed on December 16, 2009. During the two-month period the case was pending prior to the signing of the first order of dismissal, the relator had filed ten motions and had twice moved for hearings on his motions. We reversed the trial court's dismissal of the case and remanded the case to the trial court.[2]

Upon remand of the case to the trial court, during the succeeding eight-month period, relator filed seven additional motions in the trial court. Real parties in interest again moved to declare relator a vexatious litigant and the trial court granted the motion. The trial court again dismissed the suit on April 26, 2012. We reversed the trial court's second dismissal and remanded the case to the trial court.[3]

Following our second remand of the case, the trial judge recused himself and the case was transferred to another district court. In the two months following the transfer of the case, relator filed twelve motions. The second trial judge then recused himself and, on June 6, 2014, the case was transferred to a third trial court in which it is currently pending. The trial court subsequently consolidated two additional lawsuits filed by relator against real parties in interest with this case. Relator filed at least four additional motions following the transfer of the case to the court in which it is currently pending. Throughout the time the case has been pending, relator repeatedly corresponded with the trial court demanding that "all" his motions and requests be set for hearing and determined.[4]

---

[2] *Amir-Sharif v. Quick Trip Corp.*, No. 05-09-01497-CV, 2011 WL 1367042, at *4 (Tex. App.—Dallas Apr. 12, 2011, no pet.).

[3] *Amir-Sharif v. Quick Trip Corp.*, 416 S.W.3d 914, 921 (Tex. App.—Dallas 2013, no pet.).

[4] Relator has also filed numerous mandamus proceedings seeking to compel rulings on "all" his motions. Each of these petitions has been denied. *In re Amir-Sharif*, No. 05-14-00659-CV, 2014 WL 2466164, at *1 (Tex. App.—Dallas June 2, 2014, orig. proceeding) (mem. op.) (concluding petition and record not authenticated as required by the Texas Rules of Appellate Procedure); *In re Amir-Sharif*, No. 05-12-01225-CV, 2012 WL 4338824, at *1 (Tex. App.—Dallas Sept. 21, 2012, orig. proceeding) (mem. op.) (concluding relator had not shown he was entitled to relief requested); *In re Amir- Sharif*, No. 05-12-00271-CV, 2012 WL 989580, at *1 (Tex. App.—Dallas Mar. 22, 2012, orig. proceeding) (mem. op.) (same). Relator additionally filed two mandamus proceedings to compel a ruling on his motion to recuse one of the three trial judges who has presided over this case. *In re Amir-Sharif*, No. 05-12-00060-CV, 2012 WL 195373, at *1 (Tex. App.—Dallas Jan. 23, 2012, orig. proceeding) (concluding issues presented in petition were moot because judge had ruled on motion and denied it); *In re Amir-Sharif*, No. 05-11-00964-CV, 2011 WL 3484817, at *1 (Tex. App.—Dallas Aug. 10, 2011, orig. proceeding) (mem. op.) (concluding relator had not shown he was entitled to relief requested).

On September 19, 2014, before the present petition for writ of mandamus was filed the trial judge advised relator by letter:

> Your request for setting "all" motions and requests is insufficient to advise the court which specific motions you are requesting be set for hearing or considered . . .[I]t is the party's obligation to notify the court which specific motions it desires to have the court set a hearing on or consider under submission. As it stands now, the Court is unable to determine which pleadings or "requests" need Court attention . . . If you will request either a hearing or submission date and time for a specific motion (referred to by title and filing date), the Court will respond promptly.

In response, for the first time in the case, relator identified specific motions he would like heard and he further requested that a hearing be conducted on the defendants' discovery objections. Despite the trial court's obvious efforts to resolve relator's motions, relator filed this mandamus proceeding less than six weeks later seeking to compel rulings by the trial court on thirteen motions. Nevertheless, in a continuing effort to respond to relator's numerous motions, the trial judge advised the parties by letter:

> Many of Plaintiff's motions and/or "requests" are of a more administrative nature versus requesting a substantive ruling. Many are of the type that are normally handled by a simple request and no order is ever issued, for example, Plaintiff's request to have the court reporter make a record of all proceedings.

The trial court then advised the parties of the rulings on a number of the motions identified by relator and set the remainder for hearing, issuing an order to the correctional facility where relator is housed requesting that relator be made available for a telephone hearing on his motions.

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

–3–

The trial court's rulings have rendered relator's petition moot with respect to a significant number of the motions that are the basis of his petition. A case becomes moot if a controversy ceases to exist. *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez,* 891 S.W.2d 243, 245 (Tex. 1994) (orig. proceeding) (stating that for controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought); *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) (court will not issue mandamus if it would be useless or unavailing). Based on the trial court's disposition of the vast majority of motions on which the relator has requested a hearing, a justiciable controversy no longer exists with respect to those motions.

As to the remainder of the motions, we cannot conclude the trial court has abused its discretion in failing to take action on the motions. A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time. *In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding). A court is not, however, required to rule on a motion that has not been properly called to its attention. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). Given the substantial quantity of motions filed in this case and the number of judges who have presided over the case, until relator specifically identified the motions on which he sought a hearing, the motions upon

which relator sought a ruling had not been properly called to the attention of the judge who assumed responsibility for the case on June 6, 2014.[5]

With regard to those motions on which relator has now specifically requested a hearing, relator has not shown the trial court has failed to take action within a reasonable time. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.— Houston [1st Dist.] 1992, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes*, 832 S.W.2d at 426. Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Chavez*, 62 S.W.3d at 228–29.

Nothing in the mandamus record in this case suggests the trial court has abused its discretion in failing to rule on relator's motions. Indeed, the record reflects the current trial judge has made a diligent effort to determine which motions filed by relator remain relevant and to rule on those motions. We **DENY** the petition.

/Craig Stoddart/
_____
CRAIG STODDART
JUSTICE

141514F.P05

---

[5] Real party in interest points out that the majority of relator's motions lack a certificate of conference. Absent a certificate of conference the clerk of court may not set a motion for hearing. DALLAS (TEX.) CIV. DIST. CT. LOC. R. 2.07(a). Thus, even had relator specifically requested a hearing on these motions, they could not have been set for hearing.