

# NUMBER 13-15-00612-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE LAKEITH RAQIB AMIR-SHARIF

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria**
**Memorandum Opinion Per Curiam[1]**

On December 28, 2015, relator Lakeith Raquib Amir-Sharif, proceeding pro se, filed a petition for writ of mandamus through which he seeks to compel Zenaida Silva, the District Clerk of Bee County, Texas, to receive and file relator's lawsuit and pleadings. According to allegations in the petition, the District Clerk is refusing to file relator's pleadings because he has been designated as a vexatious litigant but he has not

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

complied with the rules for filing as a vexatious litigant.[2]  Relator contends that the orders designating him as a vexatious litigant have been reversed.  *See, e.g., Amir-Sharif v. Quick Trip Corp.*, 416 S.W.3d 914, 921 (Tex. App.—Dallas 2013, no pet.); *Amir-Sharif v. Quick Trip Corp.*, No. 05-09-01497-CV, 2011 WL 1367042, at *1 (Tex. App.—Dallas Apr. 12, 2011, no pet.).

This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West, Westlaw through 2015 R.S.); *In re Simmonds,* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding).  For instance, mandamus relief is appropriate when a trial court clerk fails to file and forward a notice of appeal to the appropriate court of appeals.  *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig. proceeding); *Smith*, 263 S.W.3d at 95-96; *In re Washington*, 7 S.W.3d at 182; *see also Aranda v. District Clerk*, 207 S.W.3d 785, 786–87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where district clerk failed to file

---

[2] Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–11.104 (West, Westlaw through 2015 R.S.); *In re Potts*, 399 S.W.3d 685, 686–87 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding).  Section 11.101 of the statute provides that a court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing a new litigation in a court of this state if the court finds, after notice and hearing, that:  (1) the person is a vexatious litigant; and (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to file the litigation.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a).  Section 11.102 of the Texas Civil Practice and Remedies Code provides that a local administrative judge may grant permission to a person found to be a vexatious litigant to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay.  *See id.* § 11.102.  The local administrative judge may condition permission on the furnishing of security for the benefit of the defendant.  *See id.*

post-conviction habeas application). However, in general, when a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. *In re Simmonds*, 271 S.W.3d at 879; *In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring); *see also In re Sorrow*, No. 14-13-00787-CR, 2013 WL 5503821, at *1 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. In so holding, we do not address the merits of whether relator has been appropriately designated as a vexatious litigant. The petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a). Relator's "Motion for Suspension of Rules in the Interest of Justice" is likewise DISMISSED for want of jurisdiction.

PER CURIAM

Delivered and filed the
30th day of December, 2015.

3