**In re Alice ANDREWS, Relator.**

**No. 05–07–00778–CV.**

Court of Appeals of Texas, Dallas.

Aug. 9, 2007.

Levon G. Hovnatanian, Christopher W. Martin and Gregory L. Griffith, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, TX, for Relator.

Carmen Sifuentes, Rowlett, TX, for Real Party In Interest.

Eric Drake, pro se.

Before Justices MOSELEY, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

This original proceeding involves the third lawsuit brought by Eric Von Drake against relator Alice Andrews arising out of the same automobile accident. Andrews sought to have Drake declared a vexatious litigant and to have him furnish security. For reasons explained below, the trial court concluded the Vexatious Litigant Statute cannot apply in this case and, without considering the merits of Andrews's motion, denied it.

We conclude the statute can apply in the circumstances presented here and that Andrews was therefore entitled to a hearing on the merits of her motion. Accordingly, we conditionally grant her petition.

The record in this case shows that Drake sued Andrews for injuries he alleges he sustained in a May 5, 2004 traffic accident. The first lawsuit was filed in the 44th Judicial Court of Dallas County; Drake represented himself in the lawsuit. On August 30, 2004, Visiting Judge Kent Sims entered an order in that case declaring Drake to be a vexatious litigant and ordering Drake to post security or have his lawsuit dismissed. In response, Drake filed a notice of nonsuit in which he asserted that he would refile his lawsuit in another court with additional defendants.

Drake did. He filed a second lawsuit against Andrews in federal court. Again, Drake represented himself. In this suit, he named several other defendants, including Judge Sims and Andrews's attorney. In April 2006, Drake nonsuited all defendants, except Judge Sims.

Less than two weeks later, on May 4, 2006, attorney Spencer Browne filed this lawsuit against Andrews on Drake's behalf in the 68th Judicial District Court. On September 26, Andrews filed a motion requesting the court to (1) declare Drake a vexatious litigant, (2) require Drake to post security with the court; and (3) require Drake to obtain the local administrative judge's permission to file this lawsuit. In her motion, Andrews asserted that

Drake has commenced and prosecuted fourteen pro se litigations in the past seven years in state or federal court that have been determined adversely to him and/or determined frivolous under federal law. In addition, over the past seven years, he has filed another seventeen lawsuits; some are ongoing; some settled; and some were nonsuited without settlement. Drake has sued, among other individuals and entities, the United States Department of Justice, the FBI, his shoemaker, his dentist, NBC, his former employers, his family members, and his doctors. Andrews attached to her motion some thirty-one exhibits, representing copies of the pleadings and corresponding dismissals.

The then-presiding judge conducted a hearing on the motion in November. At issue was whether Drake could be required to furnish security since he was represented by counsel. At the hearing, Drake's retained counsel learned for the first time that Drake had filed this lawsuit twice previously and had been declared a vexatious litigant. The judge took the motion under advisement, but failed to rule on it before leaving the bench at the end of the year.

On February 15, 2007, the new judge heard Browne's motion to withdraw as Drake's counsel in this case. At the hearing, Browne said his firm wanted to withdraw for "a litany of reasons," including that Drake had not been completely truthful when he first approached the firm for representation. In particular, Browne referred to the previous lawsuits and the previous order declaring Drake a vexatious litigant. In addition, Browne referenced "certain actions" Drake had taken against his firm (a complaint with the State Bar of Texas) as an additional reason for withdrawing from the case. The trial judge granted the motion and gave Drake sixty days to hire an attorney or to proceed pro

se. Drake subsequently represented himself in a number of hearings and continues to represent himself in this mandamus proceeding.

As for the vexatious litigant motion, the issue was taken under advisement on March 16, 2007; however, the trial court did not rule on the motion. Consequently, at a hearing on June 11, 2007, the issue arose once again. At the hearing, the judge indicated he had previously denied the motion (although there was no order to that effect). The judge reasoned that because an attorney filed the current lawsuit for Drake, the statute did not apply, even though Drake was now litigating the case pro se:

> Do I agree with the statute? That doesn't matter, but there's clearly—the way the statute is written, he had an attorney to begin with. The only requirement is that if he files pro se he has to get permission from the LADJ and there may need to be a bond. Since he had an attorney to begin with, this whole statute doesn't apply and so—I may be wrong, the Court of Appeals may differ with me, they may differ with other judges that I've consulted with, and trust me, I've spent a lot of time with this. So this issue has passed.

At the time he signed the order denying the motion, he read the order aloud. Then, he provided the following explanation:

> And to say this again, and I've stated this before, the reason this motion is denied is not that I'm overruling Judge Sims' order (finding Drake to be a vexatious litigant), this is overruled because when he filed the lawsuit he was not pro se, he had an attorney, and under the statute anyone who files—the limitations and the

requirements that kick in, kick in when he files a pro se action.

In this proceeding, Andrews challenges the judge's order. We must decide whether the Drake is immune from the requirements of the statute because he was represented by counsel when this suit was filed. We conclude he is not.

Chapter 11 of the Texas Civil Practice and Remedies Code provides the mechanism to restrict frivolous and vexatious litigation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.051 et. seq. (Vernon 2006); *Harris v. Rose,* 204 S.W.3d 903, 905 (Tex. App.-Dallas 2006, no pet.). In this chapter, the Texas Legislature sought to strike a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse the Texas court system by systematically filing lawsuits with little or no merit. *Willms v. Americas Tire Co.,* 190 S.W.3d 796, 804 (Tex.App.-Dallas 2006, pet. denied); The purpose behind the statute was to curb vexatious litigation by requiring plaintiffs found by the court to be "vexatious" to post security for costs before proceeding with a lawsuit. *Id.*

Under this chapter, a defendant may move the court for an order determining that the plaintiff is a vexatious litigant and to require the plaintiff to furnish security. TEX. CIV. PRAC. & REM.CODE ANN. § 11.051 (Vernon 2002). A court may find a plaintiff to be a vexatious litigant if the defendant shows that there is a reasonable probability that the plaintiff will not prevail in the litigation and

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition [sic], or occurrence. *Id.* at 11.054.

■ The trial court concluded the statute did not apply in this case because Drake was represented by counsel when he filed his lawsuit. We need not determine whether the statute can apply to plaintiffs represented by counsel because, in this case, Drake is not. Although he was represented by counsel early in the lawsuit, he has represented himself since February 2007 when his counsel withdrew, in part, because Drake did not inform him that he had filed this suit twice previously and been declared a vexatious litigant. Thus, Drake is litigating this case himself—and was at the time the trial court ruled on Andrews's motion. To interpret the statute in such a way as to immunize Drake from its effect, simply because

Drake was briefly represented by counsel, would be to thwart the statute's purpose.

 To be entitled to mandamus relief, the relator must show the trial court committed a clear abuse of discretion and that she has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005) (orig.proceeding) (per curiam). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or if it clearly fails to correctly analyze or apply the law. *Id.* As for the second requirement, determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *Id.* An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding).

Here, the trial court read the statute to preclude application to this lawsuit. The trial court's interpretation of the statute was erroneous as a matter of law. Thus, Andrews has met the first prong. Because the trial court did not believe the statute applied, it did not consider the merits of Andrews's motion. Thus, Andrews has never had a review on the merits of her request to have Drake declared a vexatious litigant and to have him post security. If Andrews is required to await an appeal in order to complain of the trial court's ruling, she will lose any ability to force Drake to post security in the event he should have been declared a vexatious litigant. On the other hand, if the ruling is unfavorable to Drake, he could simply decide not to proceed, which would end costs for Andrews. The statute is supposed to

provide some measure of protection from vexatious litigants; the statute's purpose in this case may be defeated if Andrews's motion is not considered before the case proceeds to a full review on the merits.

We sustain Andrews's issues to the extent that we order the trial judge to vacate his June 11, 2007 order denying "Defendant Alice Andrews' Motion for Order Determining Plaintiff a Vexatious Litigant" and to file with this Court within thirty days a certified copy of the order.[1] We are confident the trial judge will comply. Our writ will issue only if he does not.

---

1. Once the trial judge vacates the order, the motion will be pending and Andrews will be entitled to a hearing on the merits of the motion.