**Eric DRAKE, Appellant**

v.

**Alice ANDREWS, Appellee.**

**No. 05–07–01576–CV.**

Court of Appeals of Texas, Dallas.

Aug. 17, 2009.

Rehearing Overruled Sept. 23, 2009.

Robert E. Goodman, Jr., Attorney at Law, Dallas, TX, for Appellant.

Gregory L. Griffith, Martin, Disiere, Jefferson & Wisdom, LLP, Dallas, TX, Levon G. Hovnatanian, Christopher W. Martin, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, TX, for Appellee.

Before Chief Justice THOMAS and Justices FITZGERALD and LANG–MIERS.

## OPINION

Opinion By Justice FITZGERALD.

The trial court declared Eric Drake a vexatious litigant according to the provisions of Chapter 11 of the Texas Civil Practice and Remedies Code. Drake was ordered to post a bond by a date certain or his lawsuit would be dismissed. Drake failed to post the bond, and the trial court signed its Order of Dismissal, ordering that Drake take nothing by his lawsuit against appellee Alice Andrews. In this Court, Drake challenges the applicability of Chapter 11 to his suit. Specifically, Drake asks whether the trial court should have dismissed his lawsuit under Chapter 11 because the suit was filed by an attorney. We conclude a represented plaintiff can be subject to Chapter 11. However, we conclude the trial court erred in its application of that statute to Drake. Accordingly, we reverse the trial court's Order of Dismissal and remand the case for further proceedings.

### BACKGROUND

This lawsuit has its origins in an incident in May 2004. Drake claims his vehicle was stopped at a red light when it was struck from behind by a vehicle driven by Andrews.

Drake first sued Andrews in June 2004. Drake was not represented by an attorney

when he filed that first suit. Andrews moved to have Drake declared a vexatious litigant under Chapter 11, and the district court judge granted the motion. Drake non-suited his claims.[1] Drake next filed suit against Andrews and a number of other defendants, including the state district court judge, in federal court. Our record contains Drake's motion for non-suit in the federal case, filed April 21, 2006, seeking to end the litigation against all defendants except the state district court judge.

Drake initiated the current lawsuit in May 2006, when he hired an attorney to re-file claims against Andrews.[2] Andrews again moved to have Drake declared a vexatious litigant. In support of her motion, Andrews offered thirty-one exhibits, each of which contained pleadings from a different lawsuit filed by Drake. According to those exhibits (which included more than 400 pages), Drake had prosecuted more than five lawsuits that had been determined adversely to him or were determined to be frivolous in the previous seven years. Although Andrews's motion contained a narrative of her version of events, she offered no evidence related to the actual accident. In response, Drake offered the certified transcript of a telephone call between Andrews and her insurance com-

pany's investigator. In that statement, Andrews stated she "was never aware of making any contact with that car in front of [her]," but "it couldn't have been anything but a tap." Drake also offered his own medical records, which established he had been treated the day of the accident and afterward for injuries consistent with being hit from behind in a motor vehicle accident. The trial court heard Andrews's motion and ultimately denied it on the ground that Drake was represented by counsel when the suit was filed.

Andrews sought mandamus relief in this Court, and we conditionally granted the writ on the ground that Drake, whose attorney had withdrawn from Drake's representation, was at the time appearing pro se. *See In re Andrews,* 231 S.W.3d 495, 498–99 (Tex.App.-Dallas 2007) (orig. proceeding) [hereinafter, the "Mandamus Opinion"]. The trial court then vacated its previous order, declared Drake a vexatious litigant, and ordered Drake to post security in the amount of $10,000 by a date certain or his case would be dismissed. When Drake did not post bond by the required date, the trial court signed its Order of Dismissal. Drake filed post-trial motions, all of which were overruled by operation of law. Drake appeals, raising six issues for our review.[3]

1. Drake claims he non-suited the claims before the trial court signed the vexatious-litigant order. The record before us indicates the order was signed on August 30, 2004; Drake's notice of non-suit was filed on September 17, 2004.

2. This lawsuit also included claims against Carmen Sifuentes arising out of a different motor vehicle accident. Sifuentes was never served and did not appear.

3. Drake's issues ask: (1) whether the trial court erroneously dismissed his claims against the non-answering defendant, rather than entering a default judgment against her; (2) whether the trial court erroneously dis-

missed claims against Andrews, because she had not established a reasonable probability Drake would not prevail; (3) whether the trial court erroneously dismissed his claims, because the vexatious litigant statute did not apply to him in this suit; (4) whether the trial court erroneously denied a hearing on the dismissal motion; (5) whether the trial court erroneously signed the dismissal order without making findings under Chapter 11, and whether the dismissal was erroneously made with prejudice; and (6) whether the trial court erroneously refused to hold an evidentiary hearing on Drake's post-dismissal motions.

CHAPTER 11

■ Chapter 11 contains the Legislature's plan for dealing with vexatious litigants, persons who abuse the legal system by filing numerous, frivolous lawsuits. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 11.001–11.104 (Vernon 2002). The legislative history of the chapter is meager. It contains no explicit discussion concerning the status of the vexatious litigant in terms of attorney representation. The legislative history does, however, offer the following background statement:

> Some litigants abuse the Texas court system by systematically filing lawsuits with little or no merit. This practice clogs the courts with repetitious or groundless cases, delays the hearing of legitimate disputes, wastes taxpayer dollars, and requires defendants to spend money on legal fees to defend against groundless lawsuits.

House Committee on Civil Practices, Bill Analysis, Tex. H.B. 3087, 75th Leg., R.S. (1997). The history continues, laying out the purpose of the proposed statute:

> H.B. 3087 will curb vexatious litigation by requiring plaintiffs found by a court to be "vexatious" to post security for costs before proceeding with a lawsuit.

*Id.* Courts, including this one, have described the Legislature's intent in enacting Chapter 11 as a balancing of individual Texans' rights to access their court system against the public's interest in protecting defendants from individuals who abuse that system. *See, e.g., Harris v. Rose,* 204 S.W.3d 903, 905 (Tex.App.-Dallas 2006, no pet.) (citing *Leonard v. Abbott,* 171 S.W.3d 451, 455 (Tex.App.-Austin 2005, pet. denied)); *see also Willms v. Americas Tire Co., Inc.,* 190 S.W.3d 796, 804 (Tex.App.-Dallas 2006, pet. denied). In sum, the statute is intended to protect a defendant from the cost of defending against a potentially abusive action. Chapter 11 became effective on September 1, 1997, and it has not been amended.

## APPLICABILITY TO REPRESENTED PLAINTIFFS

■ We begin with Drake's third issue, challenging whether the vexatious litigant statute properly applies to this lawsuit. Drake argues the statute should not apply to him because he had an attorney when he filed this lawsuit. Our inquiry is a question of statutory construction, a legal question we review de novo. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex.2008). Our goal is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute itself. *Tex. Parks & Wildlife Dep't v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). Accordingly, we look first to Chapter 11 itself to determine whether the Legislature's concern was limited to pro se litigants.

■ For our purposes, the key provision in the scheme is "Criteria for Finding Plaintiff a Vexatious Litigant":

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:
>
> (A) finally determined adversely to the plaintiff;
>
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
>
> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

TEX. CIV. PRAC. & REM.CODE § 11.054.[4] The section details a two-step process. First, in every instance, the judge must conclude there is no reasonable probability the plaintiff will prevail in his litigation against the defendant. Second, the judge must determine the plaintiff has a history of pro se litigation that is addressed by the statute or has been declared a vexatious litigant. The applicable subsection in this case requires the plaintiff to have brought pro se, in the last seven years, at least five suits that have been determined against him. *See id.* § 11.054(1).

■ We look next to the statute's directive: "'Plaintiff' means an individual who commences or maintains a litigation." *Id.* § 11.001(5). Andrews argues the statute defines the term "broadly" and that it "is not limited to individuals who commence or maintain a litigation pro se." We agree. The definition is not limited to unrepresented litigants, although it certainly could have been. And when we apply this broad definition to the criteria for declaring a plaintiff vexatious, we see no clear indication the Legislature intended the statute or its restrictions to apply only to pro se litigants. It is true the historical conduct at issue in section 11.054 is, under Texas law, tied to pro se status. *See id.* § 11.054(1)-(3). However the threshold requirement for a declaration—that there be no reasonable probability the plaintiff will prevail—is not. Thus, the test's prong related to the current suit is not expressly tied to being unrepresented. We conclude the language of the statute itself—the best indicator of the Legislature's intent—is broad enough to reach all vexatious litigants, whether represented by counsel or not.

Our reading of the statute comports with an earlier decision by this Court in this very proceeding. The reach of Chapter 11 vis-a-vis represented plaintiffs was raised and decided in this Court in our Mandamus Opinion. We stated the issue thus:

> We must decide whether Drake is immune from the requirements of the statute because he was represented by counsel when this suit was filed. We conclude he is not.

*Andrews*, 231 S.W.3d at 498. Our Mandamus Opinion acknowledged Drake was litigating the case pro se at the time the court ruled on Andrews's motion and at the time of the mandamus proceeding. *See id.* ("We need not determine whether the statute can apply to plaintiffs represented by counsel because, in this case, Drake is not."). However, we went on to conclude:

---

4. "In propria persona" is synonymous with "pro se." Both refer to the situation in which a litigant represents himself without the benefit of an attorney. *Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex.App.-San Antonio 2000, no pet.).

To interpret the statute in such a way as to immunize Drake from its effect, simply because Drake was briefly represented by counsel, would be to thwart the statute's purpose.

*Id.* at 498–99. Thus, although we pointed to Drake's pro se status at the time of the mandamus proceeding, our ultimate conclusion was that representation by counsel would not interfere with Chapter 11's operation. *See id.*

Drake relies on this Court's opinion in *Ramirez v. Encore Wire Corp.*, 196 S.W.3d 469, 478 (Tex.App.-Dallas 2006, no pet.), an employment case in which this Court reviewed sanctions orders granted by the trial court against the plaintiff's attorney. One of those orders sanctioned the attorney under Texas Rule of Civil Procedure 13 and Chapter 10 of the civil practice and remedies code for filing a frivolous and harassing lawsuit. *Id.* at 472. The trial court imposed the sanctions because the same attorney had filed similar cases against the same employer by different employees and those cases had been decided against the employees. *Id.* at 477. This Court analyzed each of the trial court's express bases for imposing the sanctions and concluded none of those bases rendered the present suit frivolous and harassing. In the course of our analysis, this Court stated:

It appears that by sanctioning [the attorney] for filing multiple similar lawsuits, the trial court was attempting to characterize [the attorney] as a vexatious litigant. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.054 (Vernon 2002). The rules penalizing vexatious litigants apply only to plaintiffs, however, not attorneys. *See id.* Indeed, not even the plaintiff can be declared a vexatious litigant if he was represented by an attorney. *See Spiller v. Spiller*, 21 S.W.3d

451, 454 (Tex.App.-San Antonio 2000, no pet.).

*Id.* at 478. We conclude the reach of the vexatious litigation statute was not at issue in *Ramirez* and the statement is merely dicta. Likewise, we are not bound by the opinions of other courts of appeal suggesting Chapter 11 is limited in its application to pro se plaintiffs. *See, e.g., Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex.App.-Austin 2005, pet. denied); *Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex.App.-San Antonio 2000, no pet.).

We conclude again that Chapter 11 can apply to a litigant regardless of whether he is represented by counsel or not. We decide Drake's third issue against him.

### DECLARING A PLAINTIFF A VEXATIOUS LITIGANT

In his second issue, Drake contends the trial court erroneously dismissed his lawsuit because Andrews failed to establish there is not a reasonable probability that he would prevail in the litigation against her. On this issue, we agree with Drake.

We review the trial court's determination that Drake was a vexatious litigant under an abuse of discretion standard. *Harris*, 204 S.W.3d at 905. The defendant seeking a vexatious litigant declaration bears the burden of establishing both prongs of section 11.054's test. TEX. CIV. PRAC. & REM.CODE § 11.054 (court may find plaintiff vexatious "if the defendant shows" no reasonable probability of prevailing and one of three litigation histories). In this case, Andrews offered evidence of Drake's pro se history, which appears sufficient to satisfy the second prong. But she offered no evidence showing why Drake could not prevail in this suit. And although it was not his burden, Drake himself offered what could be an admission by Andrews of some contact between the two vehicles, as well as evi-

dence of injury he claimed he sustained the day of the accident.

We conclude Andrews failed to carry her burden to show there is *no* reasonable probability that Drake will prevail against Andrews. Thus, the trial court abused its discretion in declaring Drake a vexatious litigant and in dismissing his lawsuit. We sustain Drake's second issue.

### CONCLUSION

We conclude Chapter 11 of the Texas Civil Practice and Remedies Code may apply to any plaintiff who satisfies its criteria, whether represented by an attorney or not. However, the trial court erred in its application of the statute in Drake's case. Given this conclusion, we do not reach Drake's remaining issues. We reverse the trial court's Order of Dismissal and remand this case for further proceedings consistent with this opinion.