

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00184-CV

REIDIE JAMES JACKSON, APPELLANT

V.

DAVID ELLIS, ET AL, APPELLEES

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 101260-C, Honorable Ana Estevez, Presiding

June 4, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Reidie Jackson, a prison inmate appearing *pro se* and *in forma pauperis,* sued appellees, Texas Department of Criminal Justice employees David Ellis and Andrew Gratz, individually. Jackson's pleadings alleged deprivation of his constitutional rights and asserted claims under 42 U.S.C. §§ 1983, 1985(3), and 1986. On the defendants' motion, the trial court found Jackson to be a vexatious litigant, ordered him to deposit security of $150, and entered a pre-filing order. When Jackson did not post security within the period required, the court dismissed his suit. This appeal

followed. We find Ellis and Gratz failed to prove Jackson is a vexatious litigant, and will reverse the judgment of the trial court and remand the case for further proceedings.

## Background

We recite the facts alleged in Jackson's petition. The petition alleges that early one January morning Ellis placed Jackson in handcuffs before a period of recreation. Because of bad weather, Jackson told Ellis recreation should be held in the dayroom. But Ellis insisted it would be conducted outdoors. When Ellis's superior, a sergeant, agreed with Jackson, Ellis became angry.

At the sergeant's instruction, Ellis escorted Jackson back to his cell while the sergeant contacted a lieutenant. Jackson's handcuffs were "extremely" loose and he removed them.

Once the sergeant was gone, Ellis came to Jackson's cell door and through the food tray slot asked for the handcuffs. Before Jackson could pick them up, Ellis "rammed the metal trayslot (sic) bar into the back of [Jackson's] head and forced his head into the wall and it sent horrible pain/shock through [Jackson's] entire spine and body." The event left Jackson "dazed" with swelling to the back of his head and forehead.

Ellis then sprayed Jackson with a chemical "directly in his face, mouth, ear, and genital area," causing Jackson "extreme burning pain which lasted almost three days." Gratz, a sergeant, arrived and ordered Jackson moved to another cell, where the plumbing was disabled. There Jackson remained for parts of three days without water, a blanket, a mattress, sheets, soap, or clothing.

2

Jackson alleged the conduct of Ellis and Gratz amounted to cruel and unusual punishment in violation of the Eighth Amendment.  He also alleged violations of due process, equal protection, and the Fourth Amendment.  According to Jackson's pleadings, Ellis "did intentionally and knowingly use unnecessary/excessive force against [Jackson] with a sadistic and malicious intent. . . .  Ellis did intentionally and knowingly, by act or omission, cause unnecessary and wanton infliction of pain and suffering upon [Jackson]."  As for Gratz, Jackson alleged he "intentionally, knowingly andor (sic) acted with deliberate indifference to [Jackson's] future health and safety when he denied [Jackson] the minimal civilized measure of life's necessities by personally having [Jackson's] cell water turned off, refusing him a mattress, sheets or any property for several days although [Jackson] was not on property restrictions.  This inability to wash caused [Jackson]" injury.  As noted, Jackson alleged the constitutional deprivations under 42 U.S.C. §§ 1983, 1985 (conspiracy to interfere with civil rights), and 1986 (action for neglect to prevent conspiracy).

Under Civil Practice and Remedies Code Chapter 11[1] Ellis and Gratz sought an order finding Jackson to be a vexatious litigant, imposing a security obligation, and mandating a prefiling requirement.  Ellis and Gratz also moved for an order dismissing Jackson's suit under Civil Practice and Remedies Code Chapter 14[2] because Jackson did not exhaust administrative remedies, his declaration of prior lawsuits did not list all of his cases, and his claims were frivolous or malicious.

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001-.104 (West 2002 & Supp. 2014).

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (West 2002 & Supp. 2014).

3

The trial court conducted a hearing on the two motions. Jackson appeared by telephone. The parties argued their respective positions but no evidence was received. On oral motion, the court granted Jackson ten days to file an amended declaration of prior litigation.[3]

After listening to the arguments, the court found Jackson to be a vexatious litigant and ordered he deposit security of $150 within thirty days on peril of dismissal for noncompliance. It also rendered a prefiling order requiring that prior to filing any new civil action *pro se,* Jackson obtain the prior permission of the local administrative judge. These findings were reduced to a signed written order. No order was made on the appellees' Chapter 14 motion. More than thirty days later the court signed an order dismissing Jackson's case for failing to provide the security ordered.

Analysis

In his third issue, Jackson challenges the trial court's implicit finding that appellees showed there is a reasonable probability he would not prevail in his case against them.

We apply the abuse of discretion standard when reviewing a trial court's determinations under Chapter 11. *Devoll v. State,* 155 S.W.3d 498, 502 (Tex. App.—San Antonio 2004, no pet.). The test for an abuse of discretion is whether the court acted arbitrarily or unreasonably and without reference to any guiding rules and

---

[3] During the hearing, counsel for appellees announced they were not making an exhaustion of remedies argument at that time because additional time was needed to review Jackson's unsworn declaration of grievances, file-marked the previous day.

4

principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

Chapter 11 attempts to balance the right of access to the courts and the public interest in protecting defendants from vexatious litigants. *Leonard v. Abbott,* 171 S.W.3d 451, 457 (Tex. App.—Austin 2005, pet. denied). Vexatious litigants are persons who abuse the legal system by filing numerous, frivolous lawsuits. *Drake v. Andrews,* 294 S.W.3d 370, 373 (Tex. App.—Dallas 2009, pet. denied). Under Chapter 11 a trial court may place limitations on the litigation activities of a person the court determines is a vexatious litigant. *Leonard,* 171 S.W.3d at 457.

A vexatious litigant determination requires the defendant to demonstrate that there is not a reasonable probability the plaintiff will prevail in the litigation against the defendant and that the plaintiff, in the preceding seven-year period, commenced, prosecuted, or maintained as a *pro se* litigant at least five litigations, other than in small claims court, that were finally determined adversely to the plaintiff. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2014); *Leonard,* 171 S.W.3d at 457. It is the defendant's burden to prove both requirements of section 11.054. *Amir-Sharif v. Quick Trip Corp.,* 416 S.W.3d 914, 919 (Tex. App.—Dallas 2013, no pet.) (noting also that a defendant who fails to offer any evidence showing why the plaintiff could not prevail on his suit has failed to meet its burden); *Drake,* 294 S.W.3d at 375.

Should the court find from evidence presented by the defendant at the hearing that the plaintiff is a vexatious litigant, it must order the plaintiff to furnish security for the benefit of the moving defendant in an amount related to the costs and attorneys' fees

the defendant anticipates incurring in defending the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.055(a) (West 2002); *Leonard,* 171 S.W.3d at 456. If the plaintiff fails to furnish security within the time the trial court orders, the court "shall dismiss a litigation as to a moving defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 11.056 (West 2002); *Leonard,* 171 S.W.3d at 456.

*Application*

Ellis and Gratz offered no evidence showing there was not a reasonable probability Jackson would prevail in his suit against them. To their motion to declare Jackson a vexatious litigant they attached no supporting affidavits[4] and only argument was presented at the June 26 hearing.[5]

On appeal, appellees instead ground their argument responding to Jackson's third issue on his alleged inability to "cure the procedural defects in his pleadings" and comply with Chapter 14's affidavit of prior litigation requirement. TEX. CIV. PRAC. & REM. CODE § 14.004 (West Supp. 2014).[6] Hence, appellees reason, even a meritorious claim

---

[4] *Cf. Leonard,* 171 S.W.3d at 459 where the court, without comment, notes defendants attached certified copies of pleadings and orders relied on to prove the second requirement of section 11.054.

[5] Yet, citing *Leonard,* 171 S.W.3d at 459, appellees explain in their brief a reviewing court should consider the legal and factual sufficiency of the evidence supporting the trial court's express and implicit findings.

[6] In part, this section provides:

An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration: (1) identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action

might be adjudged to lack a reasonable probability of success under section 11.054 because of such shortcomings. They support the proposition with *Drum v. Calhoun,* 299 S.W.3d 360, 368 (Tex. App.—Dallas 2009, pet. denied). But there the court found the plaintiff was unlikely to prevail because he was collaterally estopped from relitigating his claims. *Id.* at 369. Assuming, but without deciding, Jackson's Chapter 14 declaration of prior litigation before the court at the June 26 hearing did not meet all the requirements of section 14.004, this fact could not support the court's implicit finding of a reasonable probability that Jackson would not prevail, since the court granted Jackson an additional ten days from the hearing date to file a complete declaration. Jackson filed an amended declaration, the sufficiency of which was never determined by the trial court.

Without evidence showing there is not a reasonable probability that Jackson will prevail in his lawsuit, it was an abuse of discretion for the trial court to find him a vexatious litigant, order security, and make a prefiling order. It was therefore also an

---

was brought; and (2) describing each action that was previously brought by: (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the action was brought; (C) identifying each party named in the action; and (D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2014).

abuse of discretion to dismiss Jackson's cause for failing to post the security required by the June 26 order.[7]

We sustain Jackson's third issue. Discussion of Jackson's first and second issues is unnecessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

Conclusion

We reverse the order of the trial court and remand the case for further proceedings. *See* TEX. R. APP. P. 43.2(d). Jackson's "motion to request permission to add new evidence," was filed in this court on December 22, 2014, and carried with the case. It is now dismissed as moot. Finally, we direct our clerk to provide the Office of Court Administration of the Texas Judicial System with a copy of this opinion and our corresponding judgment. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(c) (West Supp. 2014) (the current version of this statute, while inapplicable here because of the date the underlying suit was commenced, provides a means for a person's removal from the state list of vexatious litigants subject to a prefiling order on reversal of the underlying order by an appellate court).

James T. Campbell<br>
Justice

---

[7] We find only that appellees were not entitled to the relief ordered by the trial court because they did not meet their burden of proof. We express no opinion on the merits of Jackson's case.

8