# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00733-CV

**Kevin Bierwirth, Appellant**

**v.**

**Rio Rancho Properties, LLC, Appellee**

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 15-0819-C277, HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Bierwirth appeals the trial court's orders declaring him a vexatious litigant and dismissing his claims against Rio Rancho Properties, LLC (Rio Rancho) with prejudice. We will affirm.

### BACKGROUND

On December 2, 2014, Rio Rancho purchased real property located at 209 Rim Rock Drive in Williamson County (the Property) at a foreclosure sale. The foreclosure was initiated by Westwood (Leander) Homeowners Association, Inc. ("Westwood") pursuant to a homeowner's association assessment lien. Before foreclosure, the Property was owned by Juan Martinez. In late December, Westwood sent Martinez written notice that he had until June 27, 2015 to redeem the Property. *See* Tex. Prop. Code § 209.010 (property owners' association that conducts foreclosure sale of owner's lot must send to lot owner and to each lienholder of record written notice stating

date and time sale occurred and informing lot owner and each lienholder of record of right to redeem property under section 209.011).[1] According to Rio Rancho, Martinez failed to timely redeem the Property.

In August 2015, Bierwirth sued Rio Rancho alleging that Rio Rancho committed "real estate fraud" by refusing to furnish Martinez with a deed transferring the Property back to Martinez after Martinez allegedly deposited $5,945.69 in Rio Rancho's bank account.[2] Bierwirth alleged that he relied on Rio Rancho to furnish Martinez the deed and "expended considerable resources in filing a lawsuit and TRO to stop the impending foreclosure sale of the [P]roperty scheduled for June 2, 2015."[3] Bierwirth further alleged that he had succeeded in halting the sale of the Property and had "consummated a contract for sale, which would bring the mortgage current and allow a new owner to buy the [P]roperty." According to Bierwirth, Rio Rancho's failure to furnish Martinez the deed "endangered said sale." Bierwirth sought declarations that Rio Rancho "unlawfully deprived successor-in-interest Plaintiff of his right to the interest in the Property" and

---

[1] Texas Property Code section 209.011 provides the procedure by which the owner of property in a residential subdivision may redeem property foreclosed on for failure to pay assessments to a property owners' association. *See* Tex. Prop. Code § 209.011. To redeem property purchased at the foreclosure sale by a person other than the property owners' association, the lot owner must pay to the association all amounts due, plus interest and certain additional costs, and must pay to the person who purchased the property at the foreclosure sale the purchase price paid by the purchaser at the foreclosure sale, any assessments levied against the property by the association after the date of foreclosure that have been paid by the purchaser, and certain other fees and costs. *See id.* § 209.011(e).

[2] According to Bierwirth, Rio Rancho had informed Martinez that the amount due to Rio Rancho for redemption of the Property was $5,945.69 if paid by May 31, 2015.

[3] This is an apparent reference to a different foreclosure sale that was set to occur in June 2015, several months after Rio Rancho purchased the Property at the December 2, 2014 foreclosure sale.

that "Plaintiff is the rightful owner of the Property." Bierwirth also requested that the court grant declaratory relief ordering Rio Rancho to execute a deed to Martinez.

Rio Rancho filed a general denial and affirmative defenses, including that Bierwirth lacked standing to assert his claims against Rio Rancho. Rio Rancho also filed a motion to declare Bierwirth a vexatious litigant and to require that he furnish security. *See* Tex. Civ. Prac. & Rem. Code § 11.051 (on or before 90th day after date defendant files original answer, defendant may move court for order determining that plaintiff is vexatious litigant and requiring plaintiff to furnish security). After an evidentiary hearing, the trial court signed an order declaring Bierwirth a vexatious litigant and ordering that he post security in the amount of $7,500 to avoid dismissal of his claims against Rio Rancho.[4] Rather than file the required security, Bierwirth filed a document titled "Conditional Acceptance of Order to Pay Cash Bond in the Form of a Motion for Summary Judgment." The trial court denied the motion and signed an order dismissing Bierwirth's claims against Rio Rancho with prejudice.

The parties continued to litigate Rio Rancho's counterclaims against Bierwirth and, ultimately, the trial court rendered final judgment in Rio Rancho's favor on those claims. Bierwirth then filed a notice of appeal, purporting to challenge the final judgment in the case and "all other prior orders," including the order declaring him a vexatious litigant. This Court ordered that, with respect to the appeal of any order other than the one declaring him a vexatious litigant, Bierwirth

---

[4] The trial court also ordered that Bierwirth was prohibited from filing new litigation in any court in the State without permission from a local administrative judge. *See* Tex. Civ. Prac. & Rem. Code § 11.101 (after finding that person is vexatious litigant, court may on its own motion or on motion of any party enter order prohibiting person from filing, pro se, new litigation without permission of appropriate local administrative judge).

3

demonstrate that he had obtained permission from the local administrative judge to file an appeal. *See Bierwirth v. Rio Rancho Props., LLC*, No. 03-17-00733-CV, 2017 WL 5562512, at *1 (Tex. App.—Austin Nov. 17, 2017, order). Bierwirth sought, but was unable to obtain, the required permission. This Court then informed the parties by letter dated January 22, 2018, that it would treat this appeal as an appeal of the trial court's order declaring Bierwirth a vexatious litigant and dismissing his claims against Rio Rancho with prejudice.

## DISCUSSION

Under chapter 11 of the Texas Civil Practice and Remedies Code, a trial court "may find a plaintiff a vexatious litigant" if certain statutory elements are met. Tex. Civ. Prac. & Rem. Code § 11.054. We review the trial court's ultimate determination that a person is a vexatious litigant under an abuse of discretion standard. *See Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). However, because section 11.054 requires a trial court to make certain evidentiary findings before it may exercise its discretion to declare a party a vexatious litigant, we also review those prescribed statutory evidentiary findings for legal and factual sufficiency. *See Leonard*, 171 S.W.3d at 459. In reviewing a legal sufficiency challenge, the challenge fails if there is more than a scintilla of evidence to support the finding. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Tempest Broad. Corp. v. Imlay*, 150 S.W.3d 861, 868 (Tex. App.—Houston [14th Dist.] 2004, no pet.). When a party attacks the factual sufficiency of an adverse finding on which he does not have the burden of proof, we set

4

aside the finding only if the evidence is so weak as to make the finding clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Texas Civil Practice and Remedies Code section 11.051 provides that a defendant may, on or before the 90th day after the date the defendant files its original answer, move the court for an order determining that the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security. Tex. Civ. Prac. & Rem. Code § 11.051. Vexatious litigants are persons who abuse the legal system by filing numerous, frivolous lawsuits. *Drake v. Andrews*, 294 S.W.3d 370, 373 (Tex. App.—Dallas 2009, pet. denied). A vexatious litigant determination requires the defendant to demonstrate that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that the plaintiff, in the preceding seven-year period, commenced, prosecuted, or maintained as a pro se litigant at least five litigations, other than in small claims court, that were finally determined adversely to the plaintiff. Tex. Civ. Prac. & Rem. Code § 11.054. Bierwirth challenges only the first requirement, arguing that Rio Rancho failed to show that there was no reasonable probability that he would prevail in this lawsuit.[5]

Bierwirth, claiming to be the successor in interest to Martinez, asserts that Martinez successfully redeemed the Property after the December foreclosure sale to Rio Rancho and that Rio Rancho failed to comply with an obligation to execute a deed to the Property to Martinez. To prevail on his claim to be entitled to declarations that Rio Rancho "unlawfully deprived successor-in-interest

---

[5] Bierwirth's brief includes as an appellate issue the question of whether a defendant "who has never answered the original petition [can] deflect the court by filing a motion to deem [him] a vexatious litigant." The record, however, reveals that Rio Rancho filed an answer and affirmative defenses before moving to declare Bierwirth a vexatious litigant. Consequently, we do not address this issue. *See* Tex. R. App. P. 44.1.

5

Plaintiff of his right to the interest in the Property" and that "Plaintiff is the rightful owner of the Property," Bierwirth would have to demonstrate that Martinez did in fact redeem the Property after foreclosure by Westwood on its homeowners' association assessment lien. The same is true for Bierwirth's requested declaratory relief—an order that Rio Rancho execute a deed to the Property to Martinez. Thus, to meet its burden of establishing that Bierwirth had no reasonable probability of prevailing, Rio Rancho needed only to show that the Property was not redeemed by Martinez.[6] We therefore review whether there was sufficient evidence in the record before the trial court to support a finding that Martinez did not redeem the Property after the foreclosure sale.

In order to redeem property purchased at a sale foreclosing a property owners' association's assessment lien by a person other than the property owners' association, the lot owner must pay to the association "all amounts due the association at the time of the foreclosure sale less the foreclosure sales price received by the association from the purchaser." Tex. Prop. Code § 209.011(e)(1)(A).[7] It was undisputed that Martinez made no payment to Westwood and that the only payment he made was to Rio Rancho, the purchaser at the foreclosure sale. *See id.* § 209.011(e)(2) (requiring owner to pay purchaser purchase price paid at foreclosure sale along with associated fees and costs). Bierwirth asserted that Martinez was not required to pay Westwood any amount of money because "Martinez had obtained a copy of [Westwood's] account and it showed

---

[6] Rio Rancho disputes Bierwirth's claim to be a successor in interest to Martinez with standing to maintain this suit. Bierwirth claims that "after redeeming the property, Martinez assigned his interest in the [P]roperty to Bierwirth." Thus, whether Bierwirth does, in fact, have an interest in the Property is also dependent on Martinez's having redeemed the Property after the foreclosure sale.

[7] This subsection also requires payment of associated interest and costs and unpaid post-foreclosure assessments. Tex. Prop. Code § 209.011(e)(1)(B), (C), (D), (E).

a $0 balance due as of December 2, 2014 with the notation of a tax write off." As a result, "Martinez believed that amount due and owning the HOA was $0." At the hearing on the vexatious litigant motion, Bierwirth testified that he asked Westwood for "the accounting of the payoff" for the Property and that Westwood sent the "pay accounting" sheet to him by e-mail. The trial court admitted as an exhibit the accounting that Bierwirth claimed to have received from Westwood. The exhibit shows that, as of December 9, 2014, the balance owed to Westwood by Martinez was $8,455.18. The accounting shows that on that date, after applying $3,501 (the foreclosure sales price received by Westwood from Rio Rancho) to the balance, Westwood wrote off as "bad debt" the remaining balance of $4,954.18. Thus, the accounting shows that, as of December 19, 2014, there was a zero balance in Martinez's account. Bierwirth claims that this accounting demonstrates that Martinez was not required to pay Westwood any money to redeem the Property since the account balance was zero.

The statute, however, plainly requires that the owner pay the association "all amounts due to the association *at the time of the foreclosure sale* less the foreclosure sales price received by the association from the purchaser." *Id.* § 209.011(e)(1)(A) (emphasis added). The foreclosure sale occurred on December 2, 2014, and Westwood's accounting shows that on December 9, 2014, the balance in Martinez's account was $8,455.18. There was sufficient evidence to support a finding that Martinez owed Westwood more than $8,000 at the time of the foreclosure sale and that he did not pay Westwood what was required to redeem the Property. Because Martinez did not redeem the Property, he did not have any ownership interest in the Property to assign to Bierwirth, and Bierwirth had no right to a declaration that he was the "rightful owner" of the Property or that Rio Rancho had deprived him of his right to the Property. Nor was Bierwirth entitled to declaratory relief in the form

7

of an order that Rio Rancho execute a deed to the Property to Martinez. The trial court properly found that there was not a reasonable probability that Bierwirth would prevail in the litigation against Rio Rancho and, consequently, did not abuse its discretion in declaring Bierwirth a vexatious litigant.

Bierwirth also asserts on appeal that the vexatious litigant statute is "not in harmony with the 4 organic laws of the United States of America; namely, the Declaration of Independence, Articles of Confederation, Northwest Ordinance, and the Constitution of the United States of America" and that the statute is "not in harmony with the Texas Bill of Rights." We construe this as a challenge to the constitutionality of the vexatious litigant statute. This Court and other courts have previously confirmed the constitutionality of the vexatious litigant statute. *See Leonard*, 171 S.W.3d at 456-58 (holding that statute is not unconstitutionally vague, does not violate the open courts provision, and does not violate equal protection clause); *see also In re Potts*, 357 S.W.3d 766 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (litigation restrictions in vexatious litigant statute do not violate vexatious litigant's due process rights); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) (vexatious litigant statute requirement that plaintiff seek permission to file future suits does not deny individual his right to freedom of expression). Bierwirth's challenge to the constitutionality of the vexatious litigant statute is overruled.

### CONCLUSION

Having concluded that the trial court did not abuse its discretion in determining that Bierwirth is a vexatious litigant, we affirm the trial court's order designating Bierwirth a vexatious litigant and establishing a pre-filing order requirement. We also affirm the trial court's dismissal of his claims against Rio Rancho for failure to furnish the required security.

8

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:  September 25, 2018

9