**Dismissed and Memorandum Opinion filed July 1, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-20-00006-CV

## ALI YAZDCHI, Appellant

## V.

## MAKANSAM INC. D/B/A IDEAL TOWING, Appellee

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1135418**

### MEMORANDUM OPINION

Appellant Ali Yazdchi filed this litigation pro se in the Harris County Justice Court. On trial de novo, County Court at Law No. 2 of Harris County found that Yazdchi had been determined to be a vexatious litigant prohibited from filing new pro se litigation in Texas courts without seeking the permission of the local administrative judge of the court in which he intended to file the litigation.[1] *See*

---

[1] A district court has determined Yazdchi is a vexatious litigant subject to Civil Practice and Remedies Code chapter 11 on three occasions. *See Yazdchi v. Wells Fargo Bank, N.A.*, No.

Tex. Civ. Prac. & Rem. Code Ann. §§ 11.101(a), (e), .102(a)(1), .1035. The county court at law struck Yazdchi's pleadings and dismissed the case on the grounds that Yazdchi "failed to get permission from the Administrative Judge prior to filing" this litigation.[2]

Yazdchi appeals from the county court at law's order of dismissal. Civil Practice and Remedies Code chapter 11, however, specifically prohibits an appeal from such an order.[3] Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(c) ("An order dismissing litigation [impermissibly initiated by a vexatious pro se litigant] that was mistakenly filed by a clerk may not be appealed."); *see* Tex. Civ. Prac. &

---

2015-11585 (215th Dist. Ct., Harris County, Tex. Jan. 15, 2016) (amended order); *Yazdchi v. BBVA Compass Bank*, No. 2015-05657 (151st Dist. Ct., Harris County, Tex. July 15, 2015); *Yazdchi v. Jones*, No. 2015-05013 (11th Dist. Ct., Harris County, Tex. Apr. 28, 2015), *aff'd*, 499 S.W.3d 564 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

It appears from the record that Yazdchi was represented by counsel during portions of the proceedings in the lower courts. Yazdchi, however, was not represented by counsel when he filed this litigation and is not represented by counsel in this court. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 11.102 (prohibiting vexatious litigant "from *filing, pro se,* new litigation in a court to which the order applies" without permission) (emphasis added). The fact that Yazdchi was at some point represented by counsel during this litigation does not exempt him from the requirements of the vexatious-litigant statute. *See In re Andrews*, 231 S.W.3d 495, 498–99 (Tex. App.—Dallas 2007, no pet.) ("To interpret the statute in such a way as to immunize [the vexatious litigant] from its effect, simply because [the vexatious litigant] was briefly represented by counsel, would be to thwart the statute's purpose.").

[2] Indeed, the county court at law further noted that "Yazdchi had been informed that he did not have permission to proceed in this underlying case by the undersigned Administrative Judge of the Harris County Civil Courts at Law." We note that this case is separate from another case involving Yazdchi and Makansam, which Yazdchi obtained retroactive permission from the local administrative judge to file. *See Yazdchi v. Makansam Inc.*, No. 01-17-00455-CV, 2018 WL 6318456, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2018, pet. dism'd) (from County Court at Law No. 2 of Harris County, trial-court case number 1085537, in which Yazdchi sued Makansam in addition to other defendants).

[3] Both the justice court and the county court at law dismissed this case, which appears correct, given that Yazdchi did not have permission to file "the litigation" in the justice court in the first place. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.102 (prohibiting vexatious litigant "from filing, pro se, *new litigation* in a court to which the order applies" without permission) (emphasis added), .1035(b) (court "shall dismiss" litigation filed pro se by vexatious litigant without permission and mistakenly filed by clerk of court).

2

Rem. Code Ann. § 11.103(a) ("[A] clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102 (a) permitting the filing."); *see also Reeves v. Cent. Hous. Nissan*, 617 S.W.3d 676, 678 n.4 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

Accordingly, we dismiss this appeal for want of subject-matter jurisdiction. Tex. R. App. P. 42.3(a)[4]; *see* Tex. Civ. Prac. & Rem. Code Ann. § 11.1035(c).

/s/      Charles A. Spain
         Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

[4] The parties were given ten-days notice of involuntary dismissal. Tex. R. App. P. 42.3.