Opinion issued July 14, 2016



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-15-00438-CV

_____

**ALI YAZDCHI, Appellant**

**V.**

**MIKE JONES AND SAM ADAMO, Appellees**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-05013**

---

## O P I N I O N

Ali Yazdchi sued Mike Jones (his brother) and Sam Adamo (his former attorney) over a dispute involving an alleged forged signature on a check. In two issues, Yazdchi argues that the trial court erred in dismissing his lawsuit as frivolous under Chapter 14 of the Civil Practice and Remedies Code and finding

that he is a vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code. We affirm.

## Background

This lawsuit began in 2015 when Yazdchi sued Adamo and Jones for various causes of action. Adamo had represented Yazdchi in a criminal case in 2010 in which Yazdchi was convicted of theft and of holding himself out to be a lawyer. Yazdchi alleged that he paid Adamo to file a motion for probation but that Adamo never filed that motion. At the same time, Adamo represented Yazdchi's brother, Jones, in a criminal case. Yazdchi claims that Jones forged Yazdchi's signature on some checks in 2010 and 2011 to pay Adamo for Jones's legal fees and that Adamo knew that Jones forged his signature but cashed the checks anyway. Yazdchi was incarcerated when he filed this lawsuit and filed a declaration of inability to pay court costs.

Adamo filed a motion for summary judgment arguing that Yazdchi's claims were untimely because the statute of limitations had expired. Adamo also filed a Section 11.051 motion requesting that the trial court find that Yazdchi is a vexatious litigant.

Yazdchi complains about three orders signed by the trial court. The first, a partial summary judgment order signed on April 9, dismissed all of Yazdchi's

claims against Adamo but left the claims against Jones pending. It, therefore, was an interlocutory order.

The second order, signed on April 28, declared Yazdchi a vexatious litigant. That order summarized some of Yazdchi's litigation history. It briefly summarized six cases that Yazdchi lost in the seven years (2008–2015) preceding the order. It noted that Yazdchi had lost his appeals of his criminal conviction in this court and the Texas Court of Criminal Appeals and that his petition for writ of certiorari was denied by the U.S. Supreme Court. Additionally, it quoted a footnote from a previous opinion of this court, *Yazdchi v. Cornelius*, which identified 12 appeals Yazdchi lost between 1999 and 2007:

> We note that, in each of the following appeals brought by Ali Yazdchi, the trial courts' judgments have been affirmed or the appeals brought by Ali Yazdchi have been dismissed. *Yazdchi v. Nexcess Motorcars*, No. 01-07-00185-CV, 2007 WL 1844901 (Tex. App.—Houston [1st Dist.] June 28, 2007, no pet.) (mem. op.); *Yazdchi v. Allstate Ins. Co.*, No. 01-05-00327-CV, 2007 WL 1152983 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem. op.); *Yazdchi v. Am. Honda Fin. Corp.*, No. 05-10479, 2007 WL 464705 (5th Cir. Feb. 6, 2007); *Auto v. Travelers Ins. Co.*, No. 01-05-00327-CV, 2006 WL 2893324 (Tex. App.—Houston [1st Dist.] Oct. 12, 2006, no pet.) (mem. op.); *Yazdchi v. S. County Mut. Ins. Co.*, No. 11-06-00166-CV, 2006 WL 2253940 (Tex. App.—Eastland Aug. 3, 2006, no pet.) (mem. op.); *Yazdchi v. Am. Nat'l Prop. & Cas. Co.*, No. 01-05-00750-CV, 2005 WL 3454142 (Tex. App.—Houston [1st Dist.] Dec. 15, 2005, no pet.) (mem. op.); *Yazdchi v. Citicorp Credit Serv., Inc.*, No. 01-05-00740-CV, 2005 WL 2989699 (Tex. App.—Houston [1st Dist.] Nov. 3, 2005, no pet.) (mem. op.); *Yazdchi v. State*, No. 14-04-00500-CV, 2005 WL 2149416 (Tex. App.—Houston [14th Dist.] Sept. 8, 2005, no pet.) (mem. op.); *Yazdchi v. Am. Arb. Ass'n*, No. 01-04-00149-CV, 2005 WL 375288 (Tex. App.—Houston [1st Dist.]

3

Feb. 17, 2005, no pet.) (mem. op.); *Yazdchi v. Bennett Law Firm, P.C.*, No. 14-01-00928-CV, 2002 WL 1163568 (Tex. App.—Houston [14th Dist.] May 30, 2002, no pet.) (not designated for publication); *Bouja v. State*, No. 14-00-00072-CV, 2000 WL 674850 (Tex. App.—Houston [14th Dist.] May 25, 2000, no pet.) (not designated for publication); *Yazdchi v. City of Houston*, No. 14-98-01296-CV, 1999 WL 219381 (Tex. App.—Houston [14th Dist.] Apr. 15, 1999, no pet.) (not designated for publication).

No. 01-07-00844-CV, 2009 WL 214547, at \*1 n.1 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, pet. denied) (mem. op.).[1] The order detailed the reasons that Yazdchi's claims against Adamo were barred by limitations and additionally stated that his claims against Jones were barred on the same grounds.

Finally, the trial court signed a third order on May 1 finding Yazdchi's lawsuit frivolous under Chapter 14 of the Civil Practice and Remedies Code, which governs inmate litigation, because Yazdchi had no reasonable probability of ultimate success. The trial court's order relied on several reasons, including that the statute of limitations had expired for Yazdchi's causes of action[2] and that Yazdchi had failed to comply with the mandatory provisions of Section 14.004 of the Civil Practice and Remedies Code, which requires an inmate defendant to file certain disclosures with the trial court when the inmate files a lawsuit with a

---

[1]     We can only consider cases filed seven years or less before the defendant's motion to declare a plaintiff a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2015). Because all of the cases in the *Yazdchi v. Cornelius* footnote were decided more than seven years before Adamo's motion, we cannot consider them in deciding whether Yazdchi is a vexatious litigant.

[2]     Yazdchi disputes that the statute of limitations has expired for his claims.

declaration of inability to pay costs. That third order dismissed all of Yazdchi's claims against Jones and Adamo.

Yazdchi appeals the trial court's dismissal orders and the trial court's order finding that he is a vexatious litigant.

## Dismissal of Case

Yazdchi argues that the trial court's May 1 order dismissing his lawsuit as frivolous under Chapter 14 of the Civil Practice and Remedies Code was erroneous because he filed his lawsuit before the statute of limitations expired on his claims against Adamo and Jones and he has "a reasonable probability of prevailing in this lawsuit." Adamo responds that a "separate, additional, and independent ground" exists to support the trial court's dismissal of Yazdchi's lawsuit because the trial court found that Yazdchi did not comply with the mandatory provisions of Section 14.004 of the Civil Practice and Remedies Code.

Because Yazdchi filed this lawsuit as an indigent inmate, this lawsuit is governed by Chapter 14 of the Civil Practice and Remedies Code, which is entitled "Inmate Litigation." We review a Chapter 14 dismissal for an abuse of discretion. *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Under Chapter 14, a trial court may dismiss a claim by an inmate, like Yadzchi, if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM.

5

CODE ANN. § 14.003(a)(2) (West 2002); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous if it has no basis in law or fact. *Comeaux*, 193 S.W.3d at 86.

An inmate who files a lawsuit and declares an inability to pay costs, as Yazdchi did, must file an affidavit or declaration that satisfies the requirements of Section 14.004. That Section requires an inmate to file certain information with the trial court, including a separate affidavit or declaration "identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought" and "describing each action that was previously brought." TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2015). Such a declaration assists "the trial court in determining whether a suit is malicious or frivolous . . . ." *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.). An inmate's claim will be dismissed "as frivolous" if the inmate does not satisfy the requirements of Section 14.004. *Anderson v. Tex. Dep't of Criminal Justice*, No. 10-14-00326-CV, 2015 WL 1570170, at *3 (Tex. App.—Waco Mar. 19, 2015, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 329–30 (Tex. App.—Texarkana 2003, no pet.) (affirming trial court's dismissal of inmate's claim as "frivolous" because inmate did not comply with Section 14.004); *Gowan*, 99 S.W.3d at 322

6

("When an inmate does not comply with the requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous."); *see Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding that trial court did not err in dismissing inmate's lawsuit as frivolous for failure to comply with Section 14.004).

The trial court's order identifies several grounds for its dismissal of Yazdchi's lawsuit against Jones and Adamo. We must uphold a trial court's judgment "on any legal theory before it, even if the court gives an incorrect reason for its judgment." *Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied) (quoting *Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986)). Thus, as long as any of the grounds listed in Yazdchi's dismissal is valid, we will affirm the judgment.

The trial court found that, among other defects in his legal claims, "Yazdchi failed to comply with the mandatory provisions of Section 14.004 of the Texas Civil Practice and Remedies Code." Yazdchi does not attack this ground on appeal nor did he point to any evidence in the record to show that he did comply with Section 14.004. Because of this independent, unchallenged ground for dismissal, it is unnecessary for us to determine whether the trial court erred in finding that Yazdchi's claims were barred by limitations. We overrule Yazdchi's first issue.

**Vexatious Litigant**

The trial court's April 28 order finding that Yazdchi is a vexatious litigant listed six cases that he filed within a seven-year period. Yazdchi argues that, because he was an independent executor in two of those six cases, they should not be counted toward the five-case minimum under the vexatious litigant statute. Adamo responds that Yazdchi "has not presented the trial court any evidence, and likewise has not identified anything in the record for this Court, that would support" his contention that he was an independent executor in those cases.

**A.     Standard of review and applicable law**

We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.). A trial court abuses its discretion when it "acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Id.* (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)).

Yazdchi's argument raises an issue of statutory interpretation. We review statutory interpretation questions de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). In interpreting a statute, we must read words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011 (West 2013). We must interpret the words according to their plain and common meaning unless the context demonstrates a

contrary intention or such a construction leads to absurd results. *FKM P'ship v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). Our primary aim is to discover the Legislature's intent as indicated by the statute's text. *In re Douglas*, 333 S.W.3d 273, 283–84 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

The vexatious litigant statute permits trial courts to control their dockets by allowing expeditious dismissal "of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to an open court when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security" that is required by the vexatious litigant statute. *Id.* at 284.

Under Section 11.051 of the statute, a defendant may "on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order determining that the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security." TEX. CIV. PRAC. & REM. CODE ANN. § 11.051. A court must conduct a hearing on a Section 11.051 motion. *Id.* § 11.053. During the hearing, the court makes a two-step inquiry. "First, in every instance, the judge must conclude there is no reasonable probability the plaintiff will prevail in his litigation against the defendant. Second, the judge must determine the plaintiff has a history of pro se litigation that is addressed by

9

the statute . . . ." *Drake v. Andrews*, 294 S.W.3d 370, 374 (Tex. App.—Dallas 2009, pet. denied). The second step of the inquiry examines whether,

(1)     the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion . . . has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

   (A)    finally determined adversely to the plaintiff;

   (B)    permitted to remain pending at least two years without having been brought to trial or hearing; or

   (C)    determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2015).

## B.     Yazdchi is a vexatious litigant

The Section 11.051 motion satisfied the first step of the vexatious litigant test. The trial court, as discussed in the previous section, determined that there was no reasonable probability that Yazdchi would prevail against Jones and Adamo because Yazdchi did not meet the requirements of Section 14.004 and dismissed his case as "frivolous" under Chapter 14. Yazdchi, therefore, did not have a reasonable probability of prevailing in his litigation against them.

Next, we must determine whether, in the seven years preceding Adamo's motion, Yazdchi "commenced, prosecuted, or maintained at least five litigations as a pro se litigant" that satisfy the requirements of Section 11.054. The trial court's

order lists six cases that Yazdchi unsuccessfully "commenced, prosecuted, or maintained" during the preceding seven years. Yazdchi does not dispute that three of those cases satisfy the five-case minimum under Section 11.054. Although he does not challenge that the three remaining cases were either determined to be frivolous or groundless or resolved against him, Yazdchi argues that two of the remaining three should not be included because he prosecuted those cases as a "pro se executor."[3]

The Probate Code defines an "independent executor" as "the personal representative of an estate under independent administration . . . ." TEX. EST. CODE ANN. § 22.017 (West 2014); *see Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.). According to Yazdchi, because he was acting as a "representative of an estate," and not on his own behalf, the two cases in which he acted as independent executor should not count toward the five-case requirement. We disagree.

The statutory text of Section 11.054 requires only that the alleged vexatious litigant be a "litigant" that "commenced, prosecuted, or maintained" five cases, not that the litigant be acting to secure his own interests. *See* TEX. CIV. PRAC. & REM.

---

[3] Because we hold that the two cases that Yazdchi prosecuted as a "pro se independent executor" count toward the five cases required by Section 11.054, we do not address the third case that allegedly originated in small claims court. Nor do we address the trial court exhibit of eight cases that Yazdchi has prosecuted since 2008 or the two additional cases Yazdchi has prosecuted in a county court at law.

11

CODE ANN. § 11.054(1). In interpreting the word "litigant," the Dallas court held that a person not acting to secure his own interests was a litigant that "commenced, prosecuted, or maintained" a case under Section 11.054. *See Dolenz v. Boundy*, No. 05-08-01052-CV, 2009 WL 4283106, at *2–3 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.). In that case, the alleged vexatious litigant argued that two cases should not count toward the five-case requirement "because he filed them as a trustee." *Id.* at *2. Although he held himself out as a lawyer when he was acting as trustee, the Dallas court concluded that he, as a trustee, was a pro se "litigant" under Section 11.054 and, thus, those two cases counted toward the five-case requirement. *Id.* at *3.

A litigant is a "party to a lawsuit; the plaintiff or defendant in a court action, whether an individual, firm, corporation, or other entity." *Litigant*, BLACK'S LAW DICTIONARY (10th ed. 2014). An independent executor, even if not representing his own personal interests, is a litigant that "commenced, prosecuted, or maintained" a case under the meaning of Section 11.054 because he is a "party to a lawsuit." *See id.* Similarly, Yazdchi's acting as an independent executor, even if not on his own behalf, does not exclude those two cases from the five required under Section 11.054. Yazdchi, even if acting on behalf of an estate, prosecuted and maintained

both cases as a "litigant." Thus, the second prong of the vexatious litigant test is satisfied.[4]

Yazdchi cites to *Steele v. McDonald* to support his argument that a lawsuit initiated by the plaintiff as an independent executor does not count toward the five-case requirement. 202 S.W.3d 926, 928–29 (Tex. App.—Waco 2006, no pet.). But *Steele* does not address Section 11.054; it holds that a non-lawyer cannot appear pro se on behalf of an estate as an independent executor. *See id.* This case is, therefore, inapplicable.

The trial court did not abuse its discretion in finding that Yazdchi had "commenced, prosecuted, or maintained" at least five lawsuits over a seven-year period before Adamo's motion. We, therefore, overrule Yazdchi's second issue.

## Conclusion

We affirm the trial court's judgment and order declaring Yazdchi a vexatious litigant.

Harvey Brown

---

[4] Additionally, there was some dispute over whether Yazdchi was acting as an independent executor. In *Cornelius*, this court, on appeal, stated that, "[a]lthough we refer to Ali Yazdchi as appellant in his alleged capacity as independent executor for the estate of Abbas Yazdchi, this opinion should not be considered as establishing that he is in fact the independent executor . . . ." *See Yazdchi v. Cornelius*, No. 01-07-00844-CV, 2009 WL 214547, at *1 n.2 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, pet. denied) (mem. op.).

Justice

Panel consists of Justices Keyes, Brown, and Huddle.