**Motion to Review Further Orders Denied; Affirmed and Memorandum Opinion filed March 9, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00300-CV

---

### MICHAEL A. POWELL, Appellant

### V.

### JENNY HODGKINS, EXECUTIVE DIRECTOR, STATE BAR OF TEXAS; STATE BAR OF TEXAS; CHRISTINA HOSCHLER, OIG INVESTIGATOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; L. BANDA, SGT. CORRECTIONAL OFFICER, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; SHAREN WILSON, CRIMINAL DISTRICT ATTORNEY, TARRANT COUNTY, TEXAS; DIRECTOR, TARRANT COUNTY PUBLIC INTEGRITY UNIT; AND DIRECTOR, TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellees

---

**On Appeal from the 455th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-21-001728**

---

## M E M O R A N D U M   O P I N I O N

Appellant Michael A. Powell appeals the trial court's order declaring him a

vexatious litigant and dismissing his claims against appellee Sharen Wilson, the Tarrant County Criminal District Attorney. For the reasons below, we affirm.[1]

## BACKGROUND

Before Wilson was elected as the Tarrant County Criminal District Attorney, she was the presiding judge of a criminal district court. Wilson presided over Powell's criminal trial, at which he was convicted of aggravated sexual assault of a child under fourteen years of age. *See Powell v. State*, No. 2-05-449-CV, 2008 WL 110181 (Tex. App.—Fort Worth Jan. 10, 2008, pet. ref'd) (mem. op., not designated for publication) (per curiam) (affirming Powell's conviction). Powell currently is incarcerated.

In March 2021, Powell, acting *pro se*, filed an original petition in a Travis County district court and named eight defendants, including Wilson. Powell asserted jurisdiction under 42 United States Code section 1983, which provides redress for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws". *See* 42 U.S.C.A. § 1983. In relevant part, Powell's petition states as follows:

- In March 2020, Powell was contacted by an investigator with the Texas Office of the Inspector General. The investigator told Powell that she was investigating an allegation that Powell had written multiple threatening letters to Wilson.

- Powell denied sending threatening letters to Wilson. According to Powell, this is the third time Wilson has baselessly accused him of sending her threats.

- Powell alleged that Wilson "became incensed everytime [sic] [Powell] had the audacity to ask other officials, attorneys, or legal aid

---

[1] This case was transferred to this court from the Third Court of Appeals by Texas Supreme Court Transfer Order, Misc. Docket No. 22-9025. Because of that transfer, we must decide the case in accordance with the precedent of the Third Court of Appeals if our decision otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

2

organizations to inquire into the veracity of his trial records, or the integrity of Sharen Wilson's participation in convicting him."

- Powell asserted that Wilson has "committed multiple acts of fraud" and "engaged in a multi-years long pattern of repeatedly making allegations of unspecific threats against her person in order to invoke the Texas Department of Criminal Justice's Disciplinary process against" Powell.

- Powell "is of the belief that Sharen Wilson is trying to send him a message — that she can do whatever she wants, and that he will be suicided (killed), or injured if he continues to seek review of any aspect of his criminal conviction."

- According to Powell, "he has already been made aware by TDCJ of a 'hit' being put out on him upon his arrival into TDCJ subsequent to his instant conviction. [Powell] believes that Sharen Wilson is/was the chief architect of that threat."

- Finally, Powell alleged that Wilson "has in fact blocked [Powell] from utilizing the Public Integrity Office," the purpose of which is "to investigate, and correct the act(s)/actions of rogue governmental officials like Sharen Wilson."

Powell requested the following relief: (1) "to remove the negative mailing list designation in [Powell's] TDCJ records indicating he is not allowed to send mail, sealed or unsealed, to the Tarrant County Criminal District Attorney's Office, and/or Tarrant County Public Integrity Unit"; (2) "to cause the State Bar or its apparatus to actually investigate [Powell's] complaint(s) against Sharen Wilson"; and (3) "to prevent any complaints from Sharen Wilson . . . from triggering any change of status in [Powell's] current job, housing, schedule, or any other activity" until that complaint is substantiated. Powell also asked that $5,000 in damages be assessed against Wilson.

Wilson filed a motion to declare Powell a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051. Wilson also requested that the trial court dismiss Powell's claims under chapter 14 of the Texas Civil Practice and Remedies

Code.[2]  In the motion, Wilson asserted that "Powell is vexatious because this is at least his fifth suit claiming a conspiracy by Wilson to deny Powell postconviction relief."  Wilson included with her motion exhibits showing Powell's previous four suits against her and those suits' dismissals.

The trial court held a hearing on the motion in December 2021.  On January 6, 2022, the trial court signed an order declaring Powell a vexatious litigant and dismissing his claims against Wilson with prejudice.  The trial court did not issue an order ruling on Powell's claims against the other seven defendants.  Powell filed a notice of appeal.  After he filed his appellate brief, Powell filed a separate "Motion to Review Further Orders," which was carried with the case.

## ANALYSIS

Powell filed a *pro se* appellate brief raising five issues that, read together, raise three arguments:

1. the trial court erred by declaring Powell a vexatious litigant;
2. the trial court erred by dismissing Powell's claims against Wilson; and
3. the trial court's errors and omissions prevented Powell from properly presenting his appeal.

In response, Wilson asserts that (1) this court does not have appellate jurisdiction with respect to the trial court's dismissal of Powell's claims, and (2) the trial court did not err in declaring Powell a vexatious litigant.  We consider these arguments below, beginning with the jurisdictional issue.  We conclude the opinion with an examination of Powell's "Motion to Review Further Orders."

---

[2] Chapter 14 applies to a suit, other than one under the Texas Family Code, brought by an inmate who files an affidavit or declaration of inability to pay costs.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014.  Under these provisions, the trial court may dismiss an inmate's claim, either before or after service of process, if it finds the claim is frivolous or malicious.  *See id.* § 14.003(a)(2).

## I. Appellate Jurisdiction

On appeal, Wilson asserts that this court has jurisdiction only with respect to the portion of the trial court's order declaring Powell a vexatious litigant — not the portion dismissing Powell's claims against Wilson. We agree.

Generally, a party only may appeal a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Tex-Fin, Inc. v. Ducharne*, 492 S.W.3d 430, 436 (Tex. App.—Houston [14th Dist.] 2016, no pet.). An order is not final unless it disposes of every pending claim and every party. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). Here, because the trial court's order disposes of claims against only one of several defendants, it is interlocutory, not final. *See Lehmann*, 39 S.W.3d at 205; *Tex-Fin, Inc.*, 492 S.W.3d at 436.

A party may appeal an interlocutory order when authorized by statute. *Sabre Travel Int'l, Ltd.*, 567 S.W.3d at 736; *see also, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. But in the absence of an authorizing statute, the court lacks jurisdiction to review an interlocutory order. *Sabre Travel Int'l, Ltd.*, 567 S.W.3d at 736.

Powell appeals the trial court's order declaring him a vexatious litigant and prohibiting him from filing, *pro se*, any new litigation in Texas without first obtaining permission. A litigant is statutorily permitted to pursue an interlocutory appeal from this prefiling order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c) ("[a] litigant may appeal from a prefiling order . . . designating the person a vexatious litigant"); *see also, e.g.*, *Silver v. State*, No. 03-19-00537-CV, 2020 WL 742380, at *1 (Tex. App.—Austin Feb. 14, 2020, no pet.) (mem. op.). Accordingly, we have jurisdiction over this portion of Powell's appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c).

Powell also appeals from the portion of the trial court's order dismissing his claims against Wilson with prejudice under chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* §§ 14.003, 14.010. However, chapter 14 does not permit interlocutory appeals from this type of dismissal. *See id.* § 14.101(c) ("An order under this section is not subject to interlocutory appeal by the inmate."); *see also, e.g.*, *Douthit v. West*, No. 14-20-00012-CV, 2021 WL 3359178, at *1-2 (Tex. App.—Houston [14th Dist.] Aug. 3, 2021, no pet.) (mem. op.) (dismissing an interlocutory appeal from a chapter 14 dismissal where the trial court's order "contains no language of finality, and all parties and claims in the trial court were not disposed of").

Therefore, we lack jurisdiction over the portion of Powell's interlocutory appeal challenging the trial court's dismissal of his claims under chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.101(c); *Douthit*, 2021 WL 3359178, at *1-2. We overrule Powell's arguments on this point and proceed to his issues challenging the trial court's vexatious litigant declaration.

## II.    Vexatious Litigant Declaration

"Vexatious litigants are persons who abuse the legal system by filing numerous, frivolous lawsuits." *Bierwirth v. Rio Rancho Props., LLC*, No. 03-17-00733-CV, 2018 WL 4610447, at * 3 (Tex. App.—Austin Sept. 25, 2018, no pet.) (mem. op.). As relevant here, determining that a plaintiff is a vexatious litigant requires proof of two statutory elements:

(1)    there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant, and

(2)    after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either

a. the validity of the determination against the same defendant

6

> as to whom the litigation was finally determined, or

> b. the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2).

We review the trial court's determination that a person is a vexatious litigant under an abuse of discretion standard. *See Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). The trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

However, because section 11.054 requires a trial court to make certain evidentiary findings before it may exercise its discretion to declare a party a vexatious litigant, we also review those prescribed evidentiary findings for legal and factual sufficiency. *See Connor v. Hooks*, No. 03-19-00198-CV, 2021 WL 833971, at *2 (Tex. App.—Austin Mar. 5, 2021, pet. filed) (mem. op.). A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When a party attacks the factual sufficiency of an adverse finding on which he does not have the burden of proof, we set aside the finding only if the evidence is so weak as to make the finding clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

Because a trial court may exercise its discretion to declare a party a vexatious litigant only if the required showings are made, we imply findings that those requirements have been met. *See, e.g.*, *Jones v. Markel*, No. 14-14-00216-CV, 2015 WL 3878261, at *5 (Tex. App.—Houston [14th Dist.] June 23, 2015,

7

pet. denied) (mem. op.); *see also Aubrey v. Aubrey*, 523 S.W.3d 299, 309 (Tex. App.—Dallas 2017, no pet.). These implied findings also are reviewed for legal and factual sufficiency. *See Jones*, 2015 WL 3878261, at *5.

## A. Reasonable Probability of Prevailing in the Underlying Proceeding

The first section 11.054 element requires the trial court to find that there is not a "reasonable probability" the plaintiff will prevail in the litigation against the defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054. Addressing this element, Wilson argues that Powell's claims are barred by the doctrine pronounced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Under the *Heck* doctrine, an individual who has been convicted of a crime cannot bring a section 1983 claim that involves allegations inconsistent with the validity of his criminal conviction, unless he proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. Also termed the "favorable termination" rule, this doctrine applies to all claims "for harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999) (per curiam) (citing *Heck*, 512 U.S. at 486-87). Accordingly, "[t]ort claims, the success of which would imply the invalidity of the plaintiff's conviction, are not cognizable and must be dismissed." *Cooper v. Trent*, 551 S.W.3d 325, 332 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also Perry v. Kroll*, No. 03-10-00197-CV, 2010 WL 5129132, at *2 (Tex. App.—Austin Dec. 15, 2010, no pet.) (mem. op.).

Here, legally and factually sufficient evidence supports the trial court's implied finding that Powell's claims are barred by the *Heck* doctrine. *See Connor*,

8

2021 WL 833971, at *2.  Specifically, Powell's claims against Wilson contain allegations implying the invalidity of his conviction.  Wilson presided as trial court judge over Powell's criminal trial and, in his original petition, Powell alleges that Wilson has engaged in a pattern of behavior aimed at preventing Powell from investigating the validity of his conviction:

- Wilson becomes "incensed" when Powell has "had the audacity to ask other officials, attorneys, or legal aid organizations to inquire into the veracity of his trial records, or the integrity of Sharen Wilson's participation in convicting him."

- "Wilson is trying to send [Powell] a message — that she can do whatever she wants, and that he will be suicided (killed), or injured if he continues to seek review of any aspect of his criminal conviction."

- Wilson "has in fact blocked [Powell] from utilizing the Public Integrity Office," the purpose of which is "to investigate, and correct the act(s)/actions of rogue governmental officials like Sharen Wilson."

These allegations, taken together, suggest that Powell's underlying conviction is invalid — an invalidity that Powell is unable to investigate due to Wilson's continued actions.

Powell's previous *pro se* litigation also supports the trial court's implied *Heck* finding.  *See, e.g.*, *Conroy v. Wilkerson*, 626 S.W.3d 24, 34 (Tex. App.—El Paso 2021, no pet.) (reviewing the trial court's conclusion that the plaintiff's claims were barred by the *Heck* doctrine, the court noted that the plaintiff "already made repeated attempts to challenge his conviction on this very basis, through his myriad collateral attacks").  Powell previously filed four lawsuits, each of which alleges that Wilson engaged in illegal behavior that resulted in Powell's conviction:

- *Michael A. Powell v. Sharen Wilson, et al.*, No. 4:07-cv-00587-Y, U.S. District Court for the Northern District of Texas, filed October 2, 2007, and

9

dismissed with prejudice on July 14, 2008.

In this suit, Powell alleged that Wilson "personally altered transcripts in private chambers and showed them to [the] jury to illegally convict, personally altered, or by act of omission altered documentation and transcript, personally altered documents to file to record to thwart appeal and hide misconduct."

- *Ex parte Michael A. Powell*, No. 4:09-cv-00240-Y, U.S. District Court for the Northern District of Texas, filed April 29, 2009, and dismissed with prejudice on July 8, 2009.

  In this petition for writ of mandamus, Powell alleged that Wilson "has been accused of alteration of transcript, destruction of record and audio, also where [Wilson] is guilty of manufacturing records and photo edits to thwart appeal."

- *Michael A. Powell v. Sharen Wilson, et al.*, No. 4:11-cv-00090-A, U.S. District Court for the Northern District of Texas, filed February 11, 2011, and dismissed April 19, 2011.

  In this suit, Powell asserted the following allegations against Wilson:

  > In this "hub and spoke conspiracy" it is Judge Sharen Wilson who is most at fault. From beginning to end of process she did intentionally, maliciously deny substantial rights to obtain illegal conviction by manipulating existing law and using illegal, non-judicial tactics such as manufacturing false testimony and giving it to deliberating jury when state did not meet burden of proof. Sharen began with tactics to thwart pro se defense and used power to deny all discovery and conspires to hide original statements, reports, [and] evidence favorable to Michael Powell. Sharen Wilson manufactures pretrial transcript and forges indictment that did not go before grand jury.

- *Michael A. Powell v. Sharen Wilson & Vallerie Allen*, No. 067-278031-15, 67th District Court, Tarrant County, Texas, filed April 22, 2015, and dismissed with prejudice on December 30, 2015.

  In this suit, Powell alleged that Wilson "utiliz[ed] a laptop computer to alter and manufacture transcript in trial cause #0955468 State of Texas v. Michael Allan Powell." Powell also alleged that Wilson "had met with the jury

outside the presence of plaintiff, then defendant, and given portions of the altered transcript to deliberating jury over their two day deliberations."

Considering these lawsuits in conjunction with Powell's allegations in the underlying suit (which, in relevant part, challenge Wilson's continued role in preventing Powell from investigating the integrity of his conviction), the trial court reasonably could conclude that Powell's current claims imply the invalidity of his conviction. *See Heck*, 512 U.S. at 486-87; *see also Conroy*, 626 S.W.3d at 34.

Accordingly, the *Heck* doctrine mandated that Powell's claims be dismissed unless he produced evidence showing that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck*, 512 U.S. at 486-87. Powell did not make this showing. Therefore, sufficient evidence supports the trial court's implied finding that Powell's claims are barred by the *Heck* doctrine. *See id*.

Because the trial court's *Heck* finding is supported by the appellate record, we conclude that legally and factually sufficient evidence supports the trial court's implied finding that there is not a reasonable probability Powell would prevail in the litigation against Wilson. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2); *Connor*, 2021 WL 833971, at *2. We overrule Powell's arguments on this point.

## B. Repeated Litigation

Legally and factually sufficient evidence also supports the trial court's implied finding that Powell has repeatedly attempted to relitigate, *pro se*, the same controversy against Wilson. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2).

We listed above Powell's four previous *pro se* lawsuits, each of which

11

asserted claims against Wilson.[3] The gist of these claims was the same: Wilson engaged in illegal conduct during Powell's criminal trial that resulted in Powell's wrongful conviction. This theme also is present in the underlying case, in which Powell asserts that Wilson is continuing to impede his ability to investigate his conviction's integrity. Read in conjunction with Powell's other suits, it is clear that he believes this investigation is necessary due to Wilson's alleged unlawful conduct at trial. Therefore, sufficient evidence supports the trial court's second section 11.054 evidentiary finding regarding repeated attempts to relitigate the same controversy. *See id*.; *see also, e.g.*, *Donohue v. Bandera Cnty. Law Enf't Pers.*, No. 04-19-00273-CV, 2020 WL 86223, at *1-2, *4 (Tex. App.—San Antonio Jan. 8, 2020, no pet.) (mem. op.) (section 11.052(2) finding sufficiently supported by evidence showing the plaintiff previously had filed four lawsuits regarding the same controversy); *Lansink v. Lansink*, No. 11-09-00036-CV, 2011 WL 693092, at *3 (Tex. App.—Eastland Jan. 6, 2011, no pet.) (mem. op.) (section 11.052(2) finding sufficiently supported by evidence showing the plaintiff previously had filed two bills of review attacking final divorce decree); and *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 799-800, 806 (Tex. App.—Dallas 2006, pet. denied) (section 11.052(2) finding sufficiently supported by evidence showing the plaintiff previously had filed two lawsuits regarding the same controversy).

Because both section 11.054 findings are supported by sufficient evidence, we conclude that the trial court did not abuse its discretion in determining that Powell is a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2);

---

[3] Powell's four lawsuits were filed in both state and federal court. The applicable statutes permit a court to consider both state and federal litigation in its vexatious litigant determination. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.001(2) ("'Litigation'" means a civil action commenced, maintained, or pending in any state or federal court."); *see also, e.g.*, *Yazdchi v. Jones*, 499 S.W.3d 564, 566-67 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Drum v. Calhoun*, 299 S.W.3d 360, 365-67 (Tex. App.—Dallas 2009, pet. denied).

*see also Bocquet*, 972 S.W.2d at 20; *Leonard*, 171 S.W.3d at 459.

## III.    Alleged Errors in Trial Court Proceedings

Powell also alleges that "errors and omissions" in the trial court prevented him "from properly presenting his appeal."  However, Powell does not identify in the record any alleged errors made by the trial court nor does he assert how these errors limited his ability to present his appeal.

We construe *pro se* briefs liberally; however, *pro se* appellants nonetheless are held to the same standard as appellants represented by counsel to avoid giving them an unfair advantage.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Vaclavik v. Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.).  Holding Powell to this standard, we conclude Powell has failed to raise any substantive argument or support his position on this point with citations to legal authorities and the record.  *See* Tex. R. App. P. 33.1 (requiring "argument for the contentions made, with appropriate citations to authorities and to the record").  We overrule Powell's third issue.

## IV.    Motion to Review Further Orders

After Powell filed his appellate brief, he filed a separate "Motion to Review Further Orders" requesting we review the trial court's orders granting three motions:  (1) Jenny Hodgkins' plea to the jurisdiction; (2) Jenny Hodgkins' "chapter 14" motion; and (3) the State Bar of Texas's "chapter 14 T.T.C.A." motion.  Powell's motion was carried with the case.

Here, the appellate record contains the State Bar of Texas's plea to the jurisdiction premised on the Texas Tort Claims Act.  However, the record does not contain the other two motions Powell references, nor does it include the trial

court's orders granting any of the three motions.

An appellant bears the burden of bringing forward a record sufficient to demonstrate error. *See Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); *McAtee v. City of Austin*, No. 03-10-00496-CV, 2013 WL 5855638, at \*6 (Tex. App.—Austin Oct. 10, 2013, no pet.) (mem. op.); *see also* Tex. R. App. P. 33.1(a). Here, because the appellate record does not contain the orders Powell seeks to challenge, he has failed to sufficiently present his issues for appellate review. *See* Tex. R. App. P. 33.1(a); *see also Enter. Leasing Co. of Houston*, 156 S.W.3d at 549; *McAtee*, 2013 WL 5855638, at \*6.

Accordingly, we deny Powell's "Motion to Review Further Orders" that was carried with the case.

## CONCLUSION

We affirm the portion of the trial court's January 6, 2022 order declaring Powell a vexatious litigant. We also deny Powell's August 18, 2022 "Motion to Review Further Orders."

/s/    Meagan Hassan
        Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

14